ABSALOM KESTER, Appellant, v. SPENCER STARK et al., Appellees.

APPEAL FROM CLARK.

If a proceeding for partition is in chancery, it must have all who are interested in the property made parties; so that the partition, when made, shall be binding upon all the joint owners, without having the title disturbed by subsequent suits by new parties, claiming a share in the part allotted to any individual.

If the proceeding is under the statute, any party in interest may interplead at any time previous to the final disposition of the case. And all orders and proceedings may be altered so as to meet any new facts presented by new parties.

The minority of a female terminates at eighteen years of age.

THE proceeding in this case shows the following facts:

Abner Stark, in his lifetime, being seized of, in and to the N. W. qr. of the N. E. qr., and the N. E. qr. of the N. W. qr. of Sec. 25, T. 12 N., R. 14 W., in Clark county, Illinois, and on the 10th day of November, 1840, for the consideration of natural love, etc., and by way of advancement, conveyed said lands to his twelve children, viz.: William, Miriam Cooper, (then intermarried with J. P. Cooper,) Isaac, Milton, Calvin, Parmelia, Hiram, Lemon, John Wesley, James Wilson, Spencer, and Emanilla Stark, by deed, duly acknowledged and recorded.

Abner Stark, grantor, died in possession on the 18th June, 1843, leaving Rebecca Stark, his widow, who is entitled to dower therein, and which has been set apart to her.

On the 1st March, 1847, five of these heirs, then of full age, sold and conveyed their interest to Lemon Stark, which, with his own interest, made six shares, or one-half of said lands in fee.

On the 7th February, 1849, Lemon Stark, intending to go to California, and then owing to several persons in the bill named and set out, $476, agreed with Hiram Stark, that if Hiram would pay said debts for Lemon, he, Lemon, would and did convey, by deed, to Hiram, his brother, his six shares, interest in said lands, which deed was intended as a mortgage security, to secure to Hiram what he might pay out for Lemon on his debts, and to hold said six shares, as such mortgage security, until Lemon returned and repaid him.

Hiram never paid said debts, and Lemon is yet in California.

It is alleged that Milton, one of the twelve children, died intestate and without heirs at law—leaving his eleven brothers and sisters and mother to inherit his one-twelfth thereof.

On the 2nd March, 1853, Hiram bought out John W., James W., and Emanilla, three other interests therein, Emanilla then a *feme sole* minor under 21, at $25.

Hiram, on 3rd April, 1844, sold to complainant, Kester, all his interest, being, as he pretended, nine-twelfths of the land, and nine-thirteenths of Milton's interest, which he had purchased from them.

Emanilla, being a minor when she sold to Hiram, now of age, disaffirms her sale and deed, and sets up her claim in this suit, by interpleader.

Kester had notice and full knowledge, before he bought from Hiram, of all the title Hiram had in the land, as above set forth, and of the agreement between Lemon and Hiram, and that Lemon's deed to Hiram was only intended as a mortgage security, and that Hiram had not paid Lemon's debts, the only consideration for Lemon's deed for six shares, and Kester knew that Emanilla was a minor when she sold to Hiram, and that she intended to disaffirm her deed, as she has since done; and Kester had notice, also, of Hiram's intended fraud in selling Lemon's interest in the land.

The answer further shows the fact that Lemon's deed to Hiram, was a deed of trust and mortgage, and that Kester knew that Hiram was to re-convey to Lemon.

The remainder of the facts of this case are stated in the opinion of the Chief Justice.

LINCOLN & HERNDON and J. T. COOPER, for Appellant.

C. H. CONSTABLE, for Appellees.

CATON, C. J.   Whether we consider this as a bill in chancery, as it is now insisted, for the defendant in error, or as a petition for partition, under the statute, the final result will be the same. In either case, the decree or judgment of the court must be reversed.   If it is a bill in equity, then the decree must be reversed, for the want of proper and necessary parties.   The answers which were sworn to, and filed by these defendants, who did appear, show that Lemon Stark claimed to own, and had an equitable title to, one-half of the entire premises described, and which, by its decree, the court adjudged to belong to the complainant.   And even the depositions taken by these defendants, to say the least, go very far towards establishing that fact.   But be this as it may, the statements of the answers were sufficient to make it incumbent upon the complainant to make him a party, that he might come in and assert and maintain his right, that all of the rights of the parties might be settled and finally disposed of, in the one suit.   It is no answer to say, that as he was not a party, he is not bound by the decree, and may, at any time he may choose, come in and file a bill

against Kester, as his trustee, and make him convey the legal title to his portion of the premises. All of the other defendants have a right to have such a partition made as shall be binding upon all of the other joint owners with them, so that they may know that they have a title which cannot be disturbed by any subsequent suit by new parties to the portion of the lands set off to them.

But, considering that this record shows a proceeding for partition, under the statute, and not in chancery, the seventh section of the seventy-ninth chapter, R. S., which prescribes this proceeding, is as follows : " During the pendency of any such suit, or proceeding, any person claiming to be interested in the premises to be assigned or aparted, may appear and answer the petition, and assert his or her rights, by way of interpleader ; and the court shall decide upon the rights of persons appearing as aforesaid, as though they had been made parties in the first instance." After the commissioners, appointed to make the partition, according to the directions of the order of partition which had been made, had made their report, setting off a portion of the premises to some of the parties to the proceeding, and recommending the sale of the balance, for the benefit of the other defendants, and before that report was acted upon, and confirmed, and the portion ordered to {be sold which had not been divided, Spencer Stark, who resides in California, and who had not been made a party to the proceeding, appeared by his attorney, and filed his answer to the petition, by way of interpleader, under the statute above quoted, in which he alleged, and showed, that the deed which he made to Hiram Stark, for one-half of the premises, was but a mortgage, executed to Hiram, for the purpose of securing him for certain moneys which Hiram agreed to pay to certain creditors of Lemon, amounting to between four hundred and five hundred dollars, but that, in fact, he had never paid those debts. The answer also shows, that Kirby, at the time he purchased the premises of Hiram, had notice of these facts. To this answer, by way of interpleader, a demurrer, as it is called, and so considered by the parties and the court, was filed, and argued and sustained by the court, and an order was then entered, confirming the report of the commissioners, and ordering a sale to be made of that portion of the premises which had not been partitioned, and that the proceeds be divided among the original parties, according to their respective rights, as established in the first order.

That the averments in this answer, are such as to entitle the party to interplead under the statute, we cannot, for a moment, doubt, and the only possible question which could, with any show

of plausibility, be made, is, whether the interpleader was filed in due time, although, upon this point, no question seems to have been made in the court below, but it was considered upon its merits, and held insufficient. The statute says, the interpleader may be filed "during the pendency of such suit or proceeding." Any time before the case is finally disposed of, must be considered as during its pendency. Until that time, it is before the court, and entirely subject to its control and jurisdiction, and any previous orders or proceedings may be changed, altered, or amended, to meet the exigencies of new facts which may be brought before the court by new parties, by their interpleaders. Here, everything was *in fieri* when this interpleader was filed. The suit or proceeding was not yet finally determined, but was still pending, and the interpleader was filed in proper time.

We have not deemed it necessary to consider the interpleader filed by Boyer and wife, at the same time, further than to observe, that it clearly failed to show that Mrs. Boyer had any interest in the premises. Her claim rests upon the assumption that her minority continued until she was twenty-one years of age. We have decided that it terminated at the age of eighteen, after which time, she executed the deed, and she must be bound by it. *Stevenson and Wife* v. *Johnson*, 18 Ill. R. 209.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*