## JOHN D. HAWKINS

*v.*

## WARREN TABER *et al.*

1.   CHANCERY PRACTICE—*modifying decree.*   If it is brought to the knowledge of the court, before which a chancery proceeding is still pending, that a decree previously rendered in the case is unjust or oppressive, it is not error for the court to modify the decree in accordance with the new facts brought before it.

2.   SAME—*affidavits as evidence.*   Where a motion is made to modify a decree which is still pending in court, and affidavits are submitted on both sides, touching the equities involved in the proposed modification, this court will hold that such proceedings were had by consent.

3.   In such case, the proper practice would be, to either refer the case to the master again, or hear it again in court, upon proof regularly offered, but if parties consent to a different mode of exhibiting the facts, the error will be thereby waived.

4.   PARTITION—*apportioning rents.*   Though it is true that a court of equity has jurisdiction in cases of partition, and may, in the same suit, enter a decree in favor of a co-tenant, for rent in arrear, the claim for rent in such cases must be well established.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts of the case are fully stated in the opinion of the court.

Mr. B. B. SMITH and Mr. M. SCHAEFFER, for the plaintiff in error.

1.   Relief from alleged fraud, not appearing on the record, can only be obtained by a bill of review.

2.   This was a chancery proceeding for partition and account, and courts of equity have jurisdiction in cases of partition, and may, in the same suit, enter a decree in favor of a co-tenant for back rent. *Howey et al.* v. *Goings,* 13 Ill. 95.

Mr. H. K. S. O'MELVENY, for the defendants in error.

1.  The court had the power to modify the order, as it related to the judgment for rent.   See *Coughran* v. *Gutcheus*, 18 Ill. 391, where all the authorities are referred to.

2.  The court had no jurisdiction, in this form of proceeding, to render any judgment against James Taber, one of the defendants, for $435.00 rents.   *Louvalle et al* v. *Menard*, 1 Gilm. 43.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, for a partition and for an account of rents and profits, in which such proceedings were had, that a partition was decreed and a decree rendered against James M. Taber, one of the defendants, for certain rents alleged to have been received by him, he being one of the parties entitled to an undivided interest in the lands, and who had exercised control over them, receiving the rents therefor. Commissioners were duly appointed to make partition, who reported the same could not be done without prejudice to the proprietors of the land, whereupon the court entered an order for the sale of the land, by a special master appointed for that purpose, and that he be required to take testimony as to the rents.

The master reported that James M. Taber had received rents amounting to four hundred and fifty-five dollars, and a decree was rendered against him that he account to his co-tenants for that sum.   This was at the August term, 1867, and the cause was continued.

In vacation, a notice was served upon the plaintiff in error, that a motion would be made at the next March term, to correct this decree and to set aside so much of the same as decreed the payment of four hundred and fifty-five dollars rents, by James M. Taber.

This motion came on to be heard at the March term, and affidavits were read in support and against the same, the whole merits of the case being tried on the affidavits.

The court modified the decree of August term, in so far as it related to the payment of the rents by James M. Taber, and then approved the report of sale by the commissioner.

To reverse this decree, the complainant in the petition brings the record here by writ of error, assigning this modification of the decree as error.

It clearly appears the case was still in court, not finally determined, when the motion to modify the decree was made, and entertained. It was, therefore, in apt time, and the court had the power to set aside or modify the decree of the August term, on the affidavits submitted. The proper practice would have been, for the court to have referred again the question of rents to the master for further evidence, or the court might have heard this evidence, and doubtless would so have heard it, had it been moved so to do, but the parties seem to have submitted, by consent, the whole question of rent to be decided on the affidavits presented on the hearing of the motion to modify the decree. This being by consent, however irregular it may have been, we will not undo what has been done, merely for this irregularity.

The plaintiff in error now contends that the affidavits were not evidence, because there was no privilege of cross-examination, but he made no objection to the mode of proceeding, but consented the merits of the case should be determined on the affidavits submitted on both sides.

Though it is true a court of equity has jurisdiction in cases of partition, and may, in the same suit, enter a decree in favor of a co-tenant for rent in arrear—*Howey et al.* v. *Goings*, 13 Ill. 95—the claim for rent must be well established. The evidence furnished by these affidavits, as to the liability of Taber for rents, was very conflicting, to say the least, and

being so, we could not disturb the decree finally made upon those affidavits.

As to the power to modify the decree as to these rents, the case of *Coughran* v. *Gutcheus*, 18 Ill. 391, is full to the point. We regard the whole proceeding, on the motion at March term, as by consent, and *"consensus tollit errorem."* The decree must be affirmed.

*Decree affirmed.*