## JAMES F. LABADIE *et al.*

### *v.*

## WILLIAM C. HEWITT.

85  341
26a 217
85  341
40a 265
85  341
166  13
85  341
106a 5 59
85  341
210  4245

1. CHANCERY JURISDICTION—*not taken away by new remedy.* The giving of a new remedy by statute, in nowise affects the original jurisdiction of courts of chancery. Such new remedy is regarded merely as cumulative, unless the prior jurisdiction or remedy is limited or restricted by the statute.

2. SAME—*partition.* Courts of chancery are not deprived of jurisdiction to make partition of land by our statute authorizing courts of law to order

partition on petition. Proceedings for partition in chancery are not governed by the Partition act, which applies only to courts of law.

3. PARTITION—*bill need not be verified.* Where a partition is sought in chancery, and not by petition under the statute, the bill is not required to be verified by oath.

4. SAME—*decree to pay debts due from ancestor of heirs, on sale.* Where land is ordered to be sold on bill in chancery for partition, it not being susceptible of division, it is not erroneous to decree from the proceeds of the sale the payment of a sufficient sum to the administratrix of the estate of the deceased, from whom the land descended, to pay the debts allowed against the estate, where they are a charge on the same. The rule is otherwise where partition of the land can be made.

5. PRACTICE—*multifariousness in bill, how reached.* If a bill in chancery is multifarious, the objection can only be raised by demurrer, specifying it as a ground of objection. If not so raised, it will be considered as waived, and it can not be urged on trial or after decree. If presented by answer, the court may or may not, as it chooses, on the hearing, allow the objection.

6. CROSS-BILL — *whether necessary.* Where a bill in chancery for the partition of land shows a charge in favor of one of the defendants for necessary repairs, to prevent waste and loss to the tenants in common, and asks that the same may be satisfied out of the proceeds of sale before a partition is made of the money, and this is admitted by demurrer of the defendants, such defendant may be allowed for the same without filing a cross-bill, or answer in the nature of a cross-bill, asking affirmative relief.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a bill in chancery, by William C. Hewitt against James F. Labadie and others, heirs of Peter Labadie, deceased, for the partition of two town lots. The defendants demurred to the bill. A decree was rendered granting the relief prayed.

Mr. T. J. RICHARDSON, for the appellants.

Mr. JOHN B. BOWMAN, and Mr. R. A. HALBERT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It has been repeatedly held, that when the General Assembly gives a new remedy, by petition, under the statute, it in nowise affects the jurisdiction of the court of chancery; that the new remedy is cumulative; that the court of chancery may

proceed under its original jurisdiction as though the cumulative remedy had not been given, unless limited or restricted by statute. The court of chancery has entertained and exercised jurisdiction in cases of partition from quite an ancient period. Courts of law were also invested with jurisdiction to adjudge and make partition, even before it became a source of equitable relief. After chancery assumed jurisdiction, the courts of law continued to make partition, without any change in their mode of procedure. But the practice in the British courts of law was inconvenient and cumbersome, and our General Assembly, to remedy the evil, gave a petition in lieu of the old writ of partition. and prescribed the practice thereunder. But it has never been supposed that, in doing so, they designed to take away the jurisdiction from the courts of chancery, or intended thereby, in any degree, to alter or amend the practice in that court. Hence, bills have, since the Partition act, been filed in chancery whenever the facts of the case have required such proceedings, and in doing so we are aware of no practice that requires the proceeding to conform to the practice of the Partition act—in fact, the decisions of this court recognize the chancery practice as governing such proceedings. *Chickering* v. *Failes*, 29 Ill. 304; *Kester* v. *Stark*, 19 Ill. 328; *Gregory* v. *Gover*, 19 Ill. 608; *Walker* v. *Laflin*, 26 Ill. 472. The act of 1861, Sess. Laws, p. 181, fully recognizes chancery proceedings as not being governed by the Partition act, but being unable to avail of its provisions.

An examination of the bill in this case clearly shows that it was intended as a bill in chancery for partition. Its frame clearly shows that to have been the primary object, and it must be considered as governed by chancery practice. That practice, in our courts, has never required such bills to be verified by oath, hence this objection was not well taken. Had the proceeding been under the statute, it would have been different, as the statute requires the oath. In other respects, the bill seems to be good, in substance.

There is no force in the objection that the bill was multifarious. We fail to see in what it can be claimed to be so, but

even if it was, that objection could only be raised by demurrer, specifying it as a ground of objection. If not so raised, the objection is considered as waived, and it can not be raised on trial or after decree rendered, though if raised by answer, the court may or not, as it chooses on the hearing, allow the objection. 1 Dan'l Ch. Pract. p. 451 (1st from the Lond. ed.) Hence, even if the bill was multifarious, the objection comes too late.

It is next urged, that the court erred by allowing Monchevant pay for necessary repairs, to prevent waste and loss to the tenants in common. It is urged that he should have set up his claim by cross-bill, or at least by answer praying relief, which would be treated as a cross-bill. It is not denied, that when such repairs to an estate owned in common are necessary and properly made, they become a charge against the other tenants in common; and when one of them files a bill for partition, and in it admits the charge as correct and equitable, and asks that it may be satisfied out of the proceeds of the sale before partition is made of the money, and the other defendants demur, and thus admit the justice of the claim, no reason is perceived why the court, in adjusting the equities of the parties, should not decree its payment. Had the other defendants objected to its allowance, then he might have been required to file a cross-bill. But that is by no means certain in this proceeding, as, when the court acquires jurisdiction to make partition, it will do complete justice amongst all of the parties in interest. *Henrichsen* v. *Hodgen,* 67 Ill. 179.

There was no objection that the bill did not pray the appointment of commissioners, as they were duly appointed, and examined the premises, and reported that they could not be divided without manifest injury to the parties in interest, and the act of 1861 authorized the court to sell the premises and divide the money among the tenants in common.

It is urged, with much apparent earnestness, that it was error to decree of the proceeds of the sale the payment of a sufficient sum to the administrator of the deceased, from whom the lands descended, to pay the debts allowed against him,

which were proved up and allowed against the estate. The tenants in common held these lands charged with the debts of the estate, and when the property could not be partitioned, and the estate had to be sold for the purpose, no objection is perceived to making such an order. It would not be just to the purchaser to have the money paid to the heirs, and leave the premises liable to be again sold to pay debts. It works no injury to the heirs, and deprives them of no right, and the premises will, no doubt, bring more to them than if they were sold subject to the debts against the estate. This is not a sale for the payment of such debts, but it is a sale that partition may be made in money, as it could not be done in land, and it is only equitable to deduct a sufficient sum from the proceeds of the sale to free it from the lien of the debts.

Had the land been susceptible of division, then the object of the bill would have been accomplished, and it would have been beyond the power of the court to have ordered the sale for the payment of the debts, but leaving the administrator to proceed to obtain an order from the county court for a sale.

The entire record considered, we fail to perceive any error for which the decree should be reversed, and it is affirmed.

*Decree affirmed.*