## JOHN W. EPLER
### v.
## JAMES M. EPLER ET AL., EX'TS.

JURISDICTION—ADMINISTRATION OF ESTATE.—Where the only object and purpose of a bill was to compel the executors of a will to pay to plaintiff in error a legacy to which he alleged he was entitled under the terms of the will, and there was nothing in the bill justifying an application to a court of equity, and the decree recited a hearing on the bill, answers, etc., and then dismissed the bill at complainant's costs. *Held*, that the court erred in retaining jurisdiction until final hearing. The decree is reversed with directions to the court to dismiss the bill at complainant's costs without prejudice.

ERROR to the Circuit Court of Cass county; the Hon. C. EPLER, Judge, presiding. Opinion filed September 28, 1883.

Mr. H. G. WHITLOCK, for plaintiff in error; cited Redfield on Wills, part 2d, 479.

Mr. JAMES M. EPLER, for defendants in error; cited Redfield on Wills, part 2d, Ch. 13, § 49, clauses 4, 9, 10, 11, 14, 16, 18.

PER CURIAM. This is a bill in chancery filed by plaintiff in error against defendants in error as executors of the last will and testament of Rachel K. Epler, deceased.

The only object and purpose of the bill is to compel the executors of the will to pay to appellant a legacy to which he alleges he is entitled under the terms of the will.

There is nothing in the bill justifying an application to a court of equity. The county court had full power to order the legacy paid over, if plaintiff in error was entitled to it. No application appears to have been made to that court, and no reason is assigned for not doing so. The case in principle is not different from Labadie v. Hewitt, 85 Ill. 341, where it was held that a court of chancery would not exercise jurisdiction over the administration of estates, except in extraordinary cases, when some special reason is shown for it.

There is no such reason shown upon the case made. The decree recites a hearing on the bill, answers, replications and proofs and then dismisses the bill at complainant's costs.

We think the court erred in retaining jurisdiction until final hearing. The decree is therefore reversed with directions to the court to dismiss the bill at complainant's costs without prejudice.

Decree reversed.