## Franz Schulz v. Carrie Haase.

### Gen. No. 12,713.

1. JUDICIAL SALE—*what not ground for setting aside.*   Mere inadequacy of price will not justify the vacation of a judicial sale.

2. PARTITION ACT—*right of court of chancery to proceed according to.*   A court of chancery in a partition proceeding may follow the Partition Act with respect to the manner of proceeding in making valuation and the sale of property sought to be partitioned.

Partition proceeding.   Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1905.   Affirmed.   Opinion filed October 23, 1906.

**Statement by the Court.**   This is an appeal from an order confirming a report of sale made by a master in chancery under a decree of the Superior Court in a partition suit.   It is stated by appellant's counsel that no errors are assigned which question the right of appellee to the relief sought under the bill of complaint, nor to the findings of the chancellor as to the rights and interests of the parties in and to the premises involved or to the proceeds which may be derived therefrom; that the errors assigned relate to the

proceedings subsequent to the partition decree under which commissioners were appointed to make partition, or if division could not be made, to fairly and impartially appraise the property. These commissioners reported that the premises could not be divided without manifest prejudice to the parties interested and appraised the value at $2,700. Thereupon the court decreed that the property be sold by the master to the highest bidder, for cash, no bid to be accepted for a sum less than two-thirds of the appraised value, notice by publication to be given for three weeks immediately prior to the sale. The master was unable to obtain a bid amounting to two-thirds the valuation, and so reported. Thereupon the court appointed new commissioners, directing them in case partition could not properly be made to revalue the premises, the new valuation to "be taken instead of the valuation of the commissioners first appointed." These commissioners fixed the valuation at $2,300. Their report was approved and the master was directed to make the sale, first giving public notice by publication for two weeks prior to such sale, no bid to be accepted for less than two-thirds of the valuation last made. The master made the sale in accordance with the last mentioned order to one Marie Hatsch, who bid for the premises $1,533.34, being two-thirds of the appraised valuation. The abstract fails to show that the sale was confirmed, but this may perhaps be assumed, since one of the assignments of error so states.

JACOB DIAMOND and JAMES F. HUTCHISON, for appellant.

LESLIE H. WHIPP, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The burden of appellant's complaint is that the premises were sold for an inadequate price. The only evidence of this called to our attention is that the sale was made for two-thirds of the commissioners' valuation. Mere inadequacy of price will not justify vacating the sale and depriving the vendee of the benefit of her purchase, where a judicial sale has been conducted in the usual manner and the purchaser is a stranger to the order of sale, as in this case, unless the inadequacy is such as to amount to evidence of fraud, of which there is no claim here. Kiebel v. Leick, 216 Ill. 474-476.

It seems to be supposed that the chancellor erred in directing a sale under the valuation made by the second set of commissioners, because it is said the order under which the first commissioners acted had not been formally vacated; that as there had been two sets of commissioners appointed, it is doubtful which report is referred to in the decree. The point is not well taken. The first set of commissioners performed the duty for which they were appointed. The court found the premises would not sell for two-thirds of their valuation, and thereupon appointed new commissioners to make another valuation. The decree complained of approved the report of the new appointees in specific terms and ordered a sale accordingly. There is no uncertainty about it.

It is said that this being a proceeding in chancery for partition, it was error to appoint commissioners and decree a sale in accordance with the provisions of the Partition Statute (R.S., chap. 106) which it is said are applicable only to a proceeding at law begun by petition. It was said in Labadie v. Hewitt, 85 Ill. 341-343, that the statute does not take away jurisdiction from courts of chancery, nor does it alter or amend the chancery practice in partition causes, nor require the practice to conform to the Partition Act. The latter act, however, requires conformity in a number of in-

stances to the chancery practice. There is no reason that we are aware of that prevents a court of chancery from proceeding in the matter of valuation and sale in a partition proceeding in accordance with methods pointed out in the Partition Act for the guidance of courts at law, and not inconsistent with chancery practice.

It is said that the master in making the sale failed to conform strictly to the order of court under which he was acting, in that he was required by such order to sell the premises to the "highest" bidder, whereas he advertised that the sale would be made to the "highest and best bidder." His report shows that he made the sale in accordance with the decree to the highest bidder. The criticism is not well founded.

No material error appears, and the decree appealed from must be affirmed.

*Affirmed.*