## Chicago Title & Trust Company et al. v. Olive M. Thomson et al.

### Gen. No. 13,431.

APPEALS AND ERRORS—*what order not appealable.* An interlocutory order entered in a foreclosure proceeding over which the court retains jurisdiction to modify or change on the application of any party in interest, is not subject to review until the final disposition of the cause in which it is entered.

Foreclosure. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1907. Writ dismissed. Opinion filed March 9, 1908.

CRATTY BROS., JARVIS & SAMPLE, for plaintiffs in error.

ROBERT P. McNULTA, for defendants in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This writ of error is sued out in an attempt to reverse an interlocutory decretal order entered July 30, 1906, in a proceeding to foreclose a trust deed in the nature of a mortgage upon real estate in Chicago. That order is as follows:

"On motion of defendant Thomson it is ordered that Ebenezer Wakely, H. F. Evans, Eben J. Ross, L. C. Lewis, A. F. Breyfogle and Charles Jewell, defendants herein and tenants of the premises Nos. 6214–6216 South Park avenue, Chicago, Illinois, pay their respective rents of said premises to the owner, Olive M. Thomson, according to the terms of their respective leases therefor until the further order of the court."

It needs no argument or citation of authority to support the self-evident proposition that this order is not a final one. The chancellor still has jurisdiction either to change, modify or vacate it on the application of any party in interest. If such an order as this is reviewable, then every order entered in like proceedings anterior to the final decree would be reviewable. Such has never been the law in this jurisdiction. Counsel for plaintiffs in error cite no cases holding to the contrary of this proposition, and we know of none.

The order is conditional only, as plainly appears from its concluding sentence. It has no finality and can only remain in force "until the further order of the court." Hawkins v. Taber, 47 Ill., 459; Quinn v. McMahon, 40 Ill. App., 593; and Benevolent Assn. v. Farwell, 5 ibid., 240.

As this court is without jurisdiction to review the order complained of, the writ of error is dismissed.

*Writ dismissed.*