FRANCIS M. PRICE, Appellant, *vs.* BLANCHE SPRINGER *et al.*—(ALLEN W. MANN, Appellee.)

*Opinion filed June 16, 1909—Rehearing denied October 7, 1909.*

1. JUDGMENTS AND DECREES—*no universal rule can be laid down as to when order is final or interlocutory.* It is impracticable to lay down a rule which will be applicable to every case, separating into classes orders which are final and appealable and those which are interlocutory.

2. SAME—*when order granting leave to intervene in partition is interlocutory.* An order setting aside a partition decree and granting leave to an intervening petitioner to become a defendant to the partition proceeding and answer the bill will be regarded as interlocutory, even though the order finds that the court has "heard all of the evidence" and that the intervening petitioner "is the owner of an equitable one-fourth interest" in the premises, where such order was treated by all the parties as interlocutory until the intervenor filed an amended answer setting up that it was final.

3. PRACTICE—*evidence as to claim of the intervening petitioner should be heard on final hearing.* Where the prayer of a petition to intervene in a partition suit is granted and leave is given to the intervening petitioner to answer the bill, the evidence on the issue made by his answer should be heard on final hearing of the cause.

VICKERS, J., dissenting.

APPEAL from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding.

VALMORE PARKER, and CALLAHAN, JONES & LOWE, for appellant.

MAXWELL & MAXWELL, S. W. KINCAID, and J. C. EAGLETON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Robert M. Boyd died intestate in 1895. At the time of his death he and his wife, Nancy A. Boyd, were tenants in common of the north-east quarter of the south-east quarter of section 6, township 5, north, range 12, west, in Crawford county. On August 12, 1904, Nancy A. Boyd, by warranty deed, conveyed her undivided one-half interest in the above described land to Francis M. Price for the consideration of $500. Price, with others interested, filed a bill for partition, making the widow and such heirs of Robert M. Boyd as were not complainants, defendants. At the March term, 1906, of the Crawford county circuit court, a decree was entered finding Price to be the owner of one-half and the heirs of Robert M. Boyd to be the owners of the other half of said land, the latter interests subject to the dower of Nancy A. Boyd. Commissioners were appointed to make partition, and submitted their report at the following September term. Some of the Boyd heirs filed exceptions to the report of the commissioners. These exceptions were overruled and are not involved in this appeal.

December 16, 1906, Allen W. Mann filed an intervening petition, claiming to be the equitable owner of an undivided half of that portion of the premises set off to Price, and praying to be made a party defendant and for leave to answer. Afterwards, at the same term, on January 7, 1907, by leave of court, Mann filed an amended intervening

petition, in which he set out more in detail the nature of his claim. By this amended petition Mann alleged that he furnished the entire purchase money paid to Mrs. Boyd for the land, and that there was an agreement between petitioner and Price that Price re-pay petitioner one-half of such purchase money, and that Price would take the title in his name and hold it for the benefit of petitioner and Price, and the prayer of the petition was that upon the final hearing petitioner's interest in said real estate, being the undivided one-fourth interest, be set off and allotted to him, "to the end that his interest in said real estate may be adjudged and determined by this honorable court," and that petitioner be made a party defendant and allowed to answer the complainant's bill of complaint, and for further relief. Price answered the amended petition, denying specifically all of its material averments. By his answer he averred that he and Mann were engaged in buying and shipping live stock for their joint benefit; that in paying Mrs. Boyd for the land he used partnership money, but that afterwards an accounting was had, and he gave to Mann a note, pleading a tender of the full amount due Mann thereon. He denied any agreement or understanding that Mann was to be in any way interested in the purchase of Mrs. Boyd's interest and denied the right of Mann to intervene and be made a party.

After a replication was filed and Price had amended his answer and the issues were joined between Price and Mann a hearing was had, and on February 27, 1907, a decree was entered setting forth, among other things, that "the court having heard all of the evidence and argument of counsel and being fully satisfied in the premises, finds that the said Allen W. Mann is the owner of an equitable, undivided one-fourth interest in the north-east quarter of the south-east quarter of section 6, of township 5, north of range 12, west, situated in the county of Crawford, State of Illinois, the same being the land sought to be partitioned

in this case, and that said Allen W. Mann is a necessary party to this suit. It is therefore adjudged and decreed that the prayer of this intervening petition be granted. It is further ordered and decreed that the report of the commissioners, and the order appointing the commissioners, and the decree heretofore rendered in this cause, are set aside and vacated. It is further ordered and decreed that said Allen W. Mann be and is hereby made a party defendant to the original bill in this cause, and that said Allen W. Mann be and is hereby given leave to answer said original bills of complaint."

In pursuance of the decree above recited, Mann filed an answer to the original and amended bills March 4, 1907, in which, among other things, he alleged that he was the equitable owner of an undivided one-fourth interest, as set forth in the intervening petition. In this answer he did not allege that the decree of February 27 was final or claim that it in any way settled the rights of Price and himself. Price excepted to this answer. June 27, 1907, Mann filed an amended answer, in which for the first time he set up the fact that said decree of February 27 was a final decree and settled his and Price's interests. On the same day he filed a cross-bill setting up substantially the same facts as in his amended answer of that date. November 15, 1907, counsel for Price filed a petition to modify said decree of February 27, 1907, by striking out that part of the decree which found that said Allen W. Mann was the owner of an equitable one-fourth interest in said property, and alleged that that part of the decree was inadvertently written in by the trial judge on his docket. After a hearing on this motion it was overruled by the court on April 10, 1908. Several other pleadings were filed, which are unnecessary to be considered on the issues here before us.

After the issues were finally joined a hearing was had, and December 10, 1908, a final decree was entered, from which this appeal was prayed and allowed to this court.

By this decree it was found that the interests of the parties were the same as found in the original decree, except as to one interest which had been conveyed in the meantime, and the interest of F. M. Price, which was held to be only one-fourth instead of one-half, as found in the original decree. Upon this hearing the court held that the question whether Mann was entitled to an undivided one-fourth interest had been determined by the hearing of the intervening petition and the decree of February 27, 1907, and that Price was concluded from re-litigating that question on the final hearing, and refused to permit Price to introduce evidence disputing Mann's interest, on the ground that that question had already been adjudicated.

It is manifest from this record that the decree, when entered, was not thought to be final by the parties to this litigation. Even considering the decree alone, the conclusion should fairly be reached that it was interlocutory and not final. This conclusion, we think, is inevitable when the decree is considered in connection with the other pleadings in the case. Neither the original nor the amended intervening petition would indicate that the appellee, Mann, expected to have a final hearing as to his interests until after he was permitted to answer. His first answer, filed March 4, 1907, after said decree of February 27, 1907, was entered, cannot be consistently construed in any other manner. Without question, at that time neither Mann nor his counsel understood that the said decree of February 27 was final. While said decree states that the court heard evidence, there is nothing in the record before us to indicate whether this was anything more than a formal finding by the decree. Whether this question was fully gone into does not appear. It is quite apparent from the pleadings and record in this cause that up to the time of filing the amended answer and cross-bill by Mann, on June 24, 1907, all parties were proceeding with the litigation as if the final hearing on the question as to whether Mann was the owner of

a one-fourth equitable interest in said property was still to be heard and decided. It is impractical to lay down any rule which will be applicable to every case, so as to separate into classes those orders which are final and appealable and those which are only interlocutory. The courts are often called upon to exercise judgment in a given case and decide whether or not an order is final or interlocutory from the peculiar circumstances of that case. (*Camden and Amboy Railroad Co.* v. *Stewart,* 21 N. J. Eq. 484; 2 Beach on Modern Equity Practice, sec. 938.) We have no doubt on this record that the order of February 27, 1907, was interlocutory, even though that part of its finding be given full force which stated that Allen W. Mann is "the owner of the equitable undivided one-fourth interest" in the said property. It was the duty of the trial court to hear the evidence on this issue on the final hearing of this cause. While that part of said decree of February 27, 1907, might, by itself alone, be considered final, we think the entire decree and the records in this case are of such a nature that that part of said decree can be modified, if necessary, under the rule that prevails in this State that until a final decree all previously rendered decretal orders are before the court for review and may be altered, modified or vacated, as the circumstances may require. *Hawkins* v. *Taber,* 47 Ill. 459; *Jeffery* v. *Robbins,* 167 id. 375; *Gibson* v. *Rees,* 50 id. 383.

As this case must be heard in the trial court on the merits, it would be improper for us to express our views on the questions discussed in the briefs as to the trust relations between Mann and Price in the property here in question.

For the error in not permitting appellant to introduce the evidence in question, the final decree of December 10, 1908, in this cause must be reversed and the cause remanded to the circuit court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

Mr. JUSTICE VICKERS, dissenting:

I do not concur in the views expressed in the majority opinion. In the view that I take of this case Price should be held bound by the determination of the issue made up and tried between him and Mann on the petition to permit Mann to intervene. The situation presented by this record is peculiar, and calls for the application, as I think, of a different rule from that laid down in the majority opinion.

The intervention of Mann in this case was after the court had rendered a decree settling the rights of all the other parties. If he had no interest there was no reason for vacating the final decree or otherwise interrupting the progress of the cause. If the application to intervene had been made before the final decree, the trial court would have, no doubt, permitted him to become a party upon his showing, *prima facie,* an interest in the event of the suit. But at the time the petition was presented there was no question undetermined in the case as to the interest of the parties except the question raised by the petition. Under section 14 of chapter 106 of our statute Mann had the right to come in at any time during the pendency of the suit and answer the petition and have his rights determined, the same as though he had been made a party in the first instance. *Kester* v. *Stark,* 19 Ill. 328.

When the petition for intervention was filed the parties made up an issue and without objection proceeded to trial of that issue before the court, both parties introducing evidence. The record shows that after the evidence was all heard and the court had heard the arguments of counsel the issue thus submitted was decided by the court, which will appear from the decree of the court entered at that time. Appellant, Price, insists that the decree of the court entered on the hearing of the intervening petition was interlocutory, and that it was error in the court to refuse to hear further evidence in relation to the trust claimed by

Mann, on the final hearing. I have no. doubt that this order was interlocutory,—at least to the extent that the court might, for good cause shown on the final hearing, have modified or vacated it in furtherance of justice. The general rule prevails in this State that until a final decree all previously rendered decretal orders are before the court for review, and may be altered, modified or vacated, as the circumstances of the case may require. *Hawkins* v. *Taber,* 47 Ill. 459; *Gibson* v. *Rees,* 50 id. 383; *Jeffery* v. *Robbins,* 167 id. 375.

While conceding to the fullest extent the power of the court, on final hearing, over all previous orders entered, it by no means follows that, a court of equity will exercise this power simply because some dissatisfied party may request a reconsideration of the question settled by the interlocutory order. In the absence of any showing by the party against whom such interlocutory order is entered that there are unconsidered facts which would tend to impeach the correctness of the decree or show that the judgment of the court ought to be modified or vacated, the court is not required to re-hear such interlocutory matter. In other words, the court is not required, on final hearing, to go through the unnecessary form of re-trying a question on the same evidence that has already been considered and the question decided.

Appellant made no suggestion, on the final hearing, of any newly discovered evidence, nor did he offer any other reason why he was entitled to a rehearing upon the issue between himself and appellee. Under these circumstances I think the court properly refused to re-try this issue.