PATULSKI and wife, Respondents, vs. BELLMONT REALTY COMPANY and another, Appellants.

*October 5—October 23, 1917.*

*Principal and agent: Conveyance of land to agent: Confidential relations: Burden of proving good faith: Evidence: Transactions with person since deceased: Appeal: Harmless errors.*

1. Where the chief owner of a corporation to which land was conveyed was the agent and confidential adviser of the grantor, such owner must show affirmatively that no advantage was taken of such confidential relation, that in making the deed the grantor acted with full knowledge, upon proper advice, that no deception was practiced, and that the consideration was adequate.

2. A finding of the trial court that such owner of the grantee corporation had failed to establish his claim that the grantor was indebted to him and that a warranty deed of the land in question to the corporation was given in consideration of such indebtedness, and a further finding that a subsequent quitclaim

deed was not delivered by the grantor with any purpose to pass the title to the property, are *held* to be in accordance with the evidence.

3. The fact that a defendant was examined adversely, under sec. 4068, Stats., as to transactions had by him with third persons relating to business done by him for a deceased person under whom he or the other defendant (a corporation controlled by him) claimed title to the land in controversy, did not render him competent to testify as to transactions had directly with the deceased.

4. Error in permitting a witness for plaintiff to testify to a conversation with a deceased person, under whom both parties claim title to the land in controversy, at a time when defendant was not present, was not a material error where the trial was before the court without a jury and there was competent evidence to support the court's findings.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action to quiet title. The plaintiffs are residuary legatees of one Anna R. Bours, who died May 7, 1916. From the evidence it appears that in 1910 the defendant *Bradshaw* was a real-estate dealer in the city of Milwaukee and that at or about that time he became the confidential adviser, agent, and manager of the business affairs of Mrs. Bours; that between that time and the day of her death he transacted a large amount of business for her relating to real estate which was owned and acquired by the deceased during the course of these transactions, and that practically throughout the entire period the title to property was taken in her name, some of which belonged to her and some of which belonged to *Bradshaw* and some of which belonged to the defendant *Bellmont Realty Company,* a corporation of which *Bradshaw* was the chief owner. It is admitted that the relationship which existed between Mrs. Bours and *Bradshaw* was confidential and of an intimate character and imposed upon him the duty to exercise the utmost good faith. At the time of her death Mrs. Bours owned certain residence property on Clark street in the city of Milwaukee. She acquired title to this prop-

erty by deed from the *Bellmont Realty Company*. On July 3, 1914, she executed a warranty deed of this property to the *Bellmont Realty Company,* the consideration for which was expressed as one dollar and other good and valuable consideration. Subsequently and on December 13, 1915, she executed a quitclaim deed of the same premises to the *Bellmont Realty Company,* and the question is whether or not these deeds were valid and conveyed title to the *Bellmont Realty Company*. Upon this the trial court found:

"That from 1910 to May 17, 1916, defendant *Bradshaw* had from time to time made certain disbursements and advances to said Anna R. Bours relative to said business.

"That the defendant *Bradshaw* did not establish his contention of a claim and demand against said Anna R. Bours for services, advancements, and disbursements, or that he had settled with her for said sum, or that the said deed of July 3, 1914, was made in consideration of such indebtedness.

"On the other hand, the court finds that the said Anna R. Bours did not intend, by such deed, to convey the said premises to the said *Bradshaw* or the *Bellmont Realty Company*.

"The court further finds that the house upon the premises was built with the money of the deceased, and part of the cost of such building was paid for at the direction of the deceased by the said *Bradshaw* after the deed of July 3, 1914, and that the said house was erected as and for the homestead of said Anna R. Bours, and she did from the time of the alleged execution of said deed continue to keep the same as her homestead and believed that she was the owner of the same; that there was no consideration whatever passing from the *Bellmont Realty Company* to Anna R. Bours for the conveyance of the title of said property from her to it," and further found that the quitclaim deed had not been delivered.

Upon the findings of the court judgment was entered for plaintiffs quieting their title to the premises in question. From this judgment the defendants appeal.

For the appellants there was a brief by *F. J. Jennings* and *Quarles, Spence & Quarles,* all of Milwaukee, and oral argument by *W. C. Quarles*.

For the respondents there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Emmet Horan, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Horan.*

ROSENBERRY, J.   Appellants contend that the judgment should be reversed (1) because the findings set out are against the clear preponderance of the evidence, and (2) because the court erred in rejecting testimony offered by the defendants and in admitting evidence offered by plaintiffs.

Under the rule laid down in *Armstrong v. Morrow, ante,* p. 1, 163 N. W. 179, when the plaintiffs established, as it is admitted they did, the fact of the confidential relationship between the deceased Anna R. Bours and the defendant *Bradshaw,* her agent and adviser, they established a *prima facie* case, and it was then incumbent upon the defendant *Bradshaw* to show affirmatively that no advantage was taken of the confidential relationship which existed between himself and the deceased and that in making the deeds of the property in question the deceased acted with full knowledge, upon proper advice, that no deception was practiced, and that the consideration was adequate.

The evidence is not stated in detail. To do so would extend this opinion to great length.   Such statements are of no value in cases such as this, except as they may convince counsel that the matter has been fully considered.   Each case must rest upon its peculiar facts.   The facts are never alike in two cases.   Long statements of the facts are quite as likely to lead to confusion as they are to lead to certainty in the application of general principles in subsequent cases. This court, realizing the burden cast upon the profession by unnecessarily long opinions, endeavors to conform to the demand for shorter opinions.   All cases are thoroughly and carefully considered, and the brevity of the opinion is not evidence to the contrary.   We are of the opinion that the trial court was right in its conclusion that the defendant

*Bradshaw* failed to establish his contention that he had a just claim and demand against the deceased, that he had settled with her for said sum, and that the deed of July 3, 1914, was given in consideration of such indebtedness. We are further of the opinion that the finding of the court to the effect that the quitclaim deed of December 13, 1915, was not delivered to the defendants or either of them with any purpose on the part of said deceased to convey title to the property described therein, is in accordance with the clear preponderance of the evidence.

2. The court excluded evidence offered by appellants, on the ground that it related to transactions between the deceased and the witness *Bradshaw* and that the witness was therefore incompetent under the provisions of sec. 4069, Stats. We have carefully examined the record, particularly the parts called to our attention in briefs of counsel. It appears that the witness *Bradshaw* was examined as an adverse party under sec. 4068; that upon his examination he was asked by respondents to testify as to many transactions which he had with third persons relating to the business which he did for the deceased, but it does not appear that he was examined as to transactions had directly with the deceased, testimony as to which, when offered by defendants, was excluded by the trial court. The trial court properly excluded the testimony offered.

A witness was permitted to testify to conversation with the deceased when *Bradshaw* was not present. While this should not have been permitted, nevertheless its admission does not constitute reversible error where the trial is before the court without a jury, as in this case, and there is competent evidence to support the court's findings, as there is here.

*By the Court.*—Judgment affirmed.