SAMUEL MEYERS, INC., Appellant, vs. OGDEN SHOE COMPANY, Respondent.

*January 12—February 8, 1921.*

*Assignments: Test of assignability: Actions for deceit: Contracts made by promoters of corporation: Leases: Adoption by corporation: Estoppel to deny existence of corporation: Judgment: Correction of clerical error.*

1. The test of the assignability of an action in tort is whether the action would survive; and an action for deceit does not come within the class designated by the statute.
2. A valid agreement with promoters for the benefit of a corporation to be organized need not necessarily be assigned to the corporation, since the latter may adopt the contract if within its powers and enjoy its benefits and assume its liabilities.
3. Defendant, sued for false representations made to the promoters of the plaintiff corporation in negotiations with defendant for a lease, is not estopped to deny the existence of plaintiff as a *de facto* corporation, it not being such a corporation at the time the representations were made.

4. A lessee corporation cannot be held to have adopted an agreement made with its promoters for the lease of rooms served with alternating electric current when its officers, with full knowledge that such current was no longer furnished, executed a lease making no provision for such current or its continuance, but must be held to have waived the claim so that it could not sue the lessor on the theory that it had adopted such agreement and was entitled to its benefits.

5. Where costs were ordered for respondent in the civil court of Milwaukee county and taxed in the usual manner, but through the inadvertence of the clerk of the court the amount was not inserted in the judgment as directed by sec. 2927, Stats., and the circuit court ordered and entered costs taxed in the civil court, no motion being made to review the taxation in either court, *held,* that the circuit court had jurisdiction to remedy the error.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *H. H. Heilbron* and *Adolph Kanneberg,* both of Milwaukee, and oral argument by *Mr. Kanneberg.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* and oral argument by *James T. Guy,* all of Milwaukee.

JONES, J. Two partners doing business in Chicago concluded to form a corporation in Wisconsin for manufacturing raincoats in Milwaukee. They negotiated with an agent of the respondent defendant as to renting the fifth story of its building. Defendant was informed that they could not use the space unless it was served with alternating electric current; that the promoters were not fully organized as a corporation, but that the articles had been filed. They paid $150 for the first month's rent, and it was agreed that the machinery might be at once installed and that a written lease would be executed. These negotiations took place December 24, 1918.

The defendant had moved out of the premises in the latter

part of October. On November 7th the meter was removed by the Milwaukee Electric Railway & Light Company, and on December 27th the same company removed the transformer and service wires. On January 8 or 9, 1919, the promoters of the corporation shipped their machinery from Chicago, and on January 15th they discovered that there was no alternating current and that their power machines and electric motors could not be used with the current furnished. When the discovery was made they went to the electric company and negotiated to have the current changed. They also informed defendant that they would hold it liable. On January 18th the plaintiff was organized and came into existence, and on January 22d a written lease was completed and delivered which contained no agreement for alternating current. The defendant did not know that the meter and transformers had been removed until informed by one of the promoters.

The case was first tried in the civil court of Milwaukee county, and the court found, among other things, that plaintiff failed to prove that any false representations were made to the plaintiff; that defendant's agent did represent to one of the promoters that the premises were then served with alternating current; that the representation was false; that it was not the duty of the promoters, in the exercise of ordinary care, to discover that the representation was false and that they relied on it; that when the plaintiff corporation came into existence it knew the character of the current and was not deceived; that plaintiff failed to prove that if there was a cause of action it was acquired by said plaintiff; that it became necessary for plaintiff to install new machinery, and that by reason thereof it sustained damage to the amount of $550. Judgment was rendered in favor of the defendant and for costs, and it was affirmed by the circuit court.

The complaint is so framed as to sound in tort, since it alleges that the defendant, with intent to defraud and deceive, made the representations and that defendant ought

to have known that they were false and they were made recklessly and with no knowledge on the subject. But in the brief of appellant the action is treated as one on contract that there was alternating current.

There was no assignment by the promoters to the plaintiff. If the action is to be treated as one in tort it is probable that no assignment would be effective, since the test of assignability is whether the action would survive, and an action for deceit does not come within the class designated by the statute. Under the present liberal rules of pleading it would not follow that the complaint should have been dismissed because of a mistake in framing the complaint, if the proofs showed that there was a cause of action in favor of the plaintiff either in tort or on contract. Nor does it necessarily follow that the plaintiff could not recover because a contract was made with the promoters only and that it was not assigned. If a valid agreement is made with the promoters for the benefit of a corporation to be organized, by the weight of authority the corporation may adopt the contract if within its corporate powers and may enjoy the benefits and be subject to the liabilities thereof. *Pratt v. Oshkosh M. Co.* 89 Wis. 406, 62 N. W. 84; 1 Thompson, Corp. (2d ed.) § 90.

Counsel for appellant argue that defendant is estopped to deny the existence of the plaintiff as a *de facto* corporation and cite authorities to that proposition. The fallacy of the argument is that plaintiff was not a *de facto* corporation when the representations were made to the promoters. This is so plain on the facts that it is unnecessary to state the requisites of a *de facto* corporation or to cite authorities on the subject.

Assuming that there might be relief granted according to the facts proved and irrespective of the form of the complaint, there is a very serious obstacle to a recovery by the plaintiff. The claim most favorable to the plaintiff is that an agreement was made with the promoters of the proposed

corporation that the rooms were served with alternating current and would continue to be so served, and that the agreement was relied on and was adopted by the corporation.  It seems clear that the plaintiff corporation did not adopt the agreement alleged.  On the contrary its officers, with full knowledge that alternating current was no longer furnished, executed a lease making no provision in respect to it or its continuance.  We consider this fact such a waiver of the claim that the case does not come within the class of cases where a corporation may maintain an action on an agreement made by its promoters, on the theory that it has adopted the agreement and is entitled to its benefits. Whether the promoters as individuals could maintain an action on the alleged agreement is not a question before us and we express no opinion on that subject.

Appellant's counsel claim that the circuit judge erred in allowing costs to respondent.  The costs were ordered for respondent in the civil court and were taxed in the usual manner, but the clerk of the court through inadvertence failed to insert the amount in the judgment as directed in sec. 2927, Stats.  In the circuit court judgment was ordered and entered for the costs taxed in the civil court.  Thereafter appellant made a motion to strike from the judgment the costs allowed in the civil court, which motion was disallowed.  No motion was made by appellant to review the taxation of costs in either court.  The omission of the clerk of the civil court to insert the costs in the judgment was due to no fault on the part of the defendant or its attorneys, and was one of those inadvertencies or clerical mistakes which in our judgment the trial court having jurisdiction of the whole matter had the power to remedy.  We hold that the judgment appealed from properly included the costs.

*By the Court.*—Judgment affirmed.