BEILFUSS and others, Respondents, vs. DINNAUER, Appellant.

*May 3—July 13, 1921.*

*Gifts: Confidential relation between parties: Presumption: Burden of proof: Consideration: Resulting trusts: Violation of trust: Witnesses: Confidential communications: Disclosure to attorney.*

1. Where an aged widow mortgaged her own property and gave the funds thereby secured to the defendant, her son-in-law, who purchased therewith incumbrances on property belonging to the estate of her husband and certain unsecured notes signed by the husband, and thereafter, in the course of the administration of the husband's estate, the widow, as administratrix, conveyed the real estate owned by her husband in his lifetime to the defendant, who in fact paid no consideration therefor, the defendant is bound in subsequent proceedings by the widow's heirs, where he claimed that the transaction was a gift, to show that there was no abuse of the trust and confidence reposed in him, and in the absence of such evidence it will be presumed that there was no valid gift.

2. Where the heirs claimed that defendant held the lands in trust, but he asserted a gift on the part of the widow, and further set up that, as she was ineligible to purchase the land, neither she nor her heirs could question his title, *held* that, while sec. 2077, Stats., declares that when a grant for a valuable consideration shall be made to one person and the consideration paid by another no use or trust shall result, but title shall vest in the person named, yet, as sec. 2079 declares that sec. 2077

shall not extend to cases where the alienee shall have taken the same as an absolute conveyance in violation of some trust, defendant cannot, where he failed to establish the gift, deprive the heirs of their right to recover the property.

3. Under the circumstances, defendant took title as trustee for the widow, and under the evidence in the case it is *held* that he was not entitled to the same on the theory that it was a gift.

4. Under sec. 4076, Stats., declaring that an attorney or counselor at law shall not be allowed to disclose a communication made by his client to him as attorney, after the death of his client he is incompetent to testify to information given by the client, and, though such testimony was admitted without objection, it will be presumed to have been disregarded by the trial court, and will be disregarded on appeal.

APPEAL from an order and a judgment of the circuit court for Milwaukee county: EDGAR V. WERNER, Judge. *Affirmed.*

Charles Beilfuss, Sr., died intestate in 1908 and left his widow, Julia, and ten adult children, the latter parties to this action. For a long time prior to his death, he, his wife and family, occupied a farm of 100 acres in the town of Oak Creek, Milwaukee county. The dwelling was located upon eighty acres, title to which was in the wife, Julia. The adjoining twenty acres were in his name. He left no other property save the twenty acres and these were incumbered with mortgages to secure notes amounting to about $2,550 with interest. He also was indebted on unsecured promissory notes of about $800. His wife, Julia, had signed all these notes.

Several of the unmarried children continued to live with the mother on the 100 acres after as before the death of the father. One of the daughters, Ella, had married the defendant *Peter Dinnauer* many years before, but owing to differences that had arisen between *Dinnauer* and Mr. Beilfuss, Sr., some fifteen years before, he, *Dinnauer*, had not been permitted to call at the Beilfuss home during such period; Mrs. Beilfuss, however, frequently called at his

house.   Immediately after the decease of Mr. Beilfuss, Sr., the defendant *Dinnauer*, living but a short distance away, at the request of or at least with the cordial consent of the widow continued to call frequently at the Beilfuss house, where he advised with the widow as to her affairs and particularly with reference to disputes that arose between other members of the family then living at the farm.

The widow desired to make some arrangement with reference to the then incumbered twenty acres, and as a result of a consultation with an attorney at law to whom she had been taken by defendant *Dinnauer* she made petition in January, 1910, for appointment as administratrix of her deceased husband's estate.

February 24, 1910, Mrs. Beilfuss, through a loan on her eighty acres of $4,300, took up an indebtedness then outstanding on her property and turned a balance of $3,450 over to the defendant *Peter Dinnauer*, who deposited it in his name in a bank.   Immediately thereafter and with this money, he having no means of his own, the mortgages then outstanding against the twenty acres were purchased by him and assignments thereof taken.   He also bought the unsecured notes.

Mrs. Beilfuss was appointed administratrix in March, 1910.

June 10, 1910, she made her will, subsequently admitted to probate, wherein she appointed the defendant executor and divided all of her property, real and personal, in substantially equal shares among the ten children, except that as to the shares of three of them certain deductions or additions were directed to be made.

In October, 1910, a petition was prepared on behalf of defendant *Dinnauer* by the same attorney who had represented the widow as administratix, for an extension of the time for filing claims.   The time was extended, and in December defendant *Dinnauer* filed a claim for the obliga-

tions of the defendant so purchased by him as aforesaid, and upon the hearing, *Peter Dinnauer* appearing by another attorney, his claims were allowed by the court, Mrs. Beilfuss expressly consenting thereto. At about the same time a petition was made by Mrs. Beilfuss for an order authorizing the sale of the twenty acres to pay the debts of the estate, and the usual proceedings were had upon such petition. On April 6, 1911, the twenty acres were sold, the sale being conducted on the premises and by the same attorney for Mrs. Beilfuss and to defendant *Dinnauer,* he being the only bidder, for $3,025, being a sum which was just about sufficient to pay these obligations of Charles Beilfuss, Sr., and the expenses of administration. No money at any time passed between *Peter Dinnauer* and Mrs. Beilfuss on account of such sale, and it was closed by the execution of mutual receipts between the administratrix and *Dinnauer.*

The sale was confirmed by the county court on April 13, 1911, and the widow then executed and delivered two deeds of the twenty acres to the defendant *Dinnauer,* one in her capacity as administratrix and the other. a quitclaim as an individual, and they were both immediately recorded.

On April 29, 1911, the defendant gave a mortgage on the twenty acres for $1,000. This was subsequently increased in March, 1914, to $1,300. The widow at no time knew of the giving of such mortgages.

No possession of the twenty acres was assumed by the defendant *Dinnauer* at any time during the lifetime of the widow, and she, with other members of the family, continued to reside there and to conduct and manage the farm made up of her own eighty acres and this twenty-acre piece as one.

In May, 1916, the widow desired to enter into a proposed lease with a third person for the entire 100 acres, and, she then knowing of the two deeds to *Peter Dinnauer* being recorded, his consent was deemed necessary. He declined

to sign a written lease at the rate then proposed, his sole objection being that he thought it was not sufficient, but he did consent to a verbal lease for one year of the twenty acres at an agreed rental, with the express understanding that the entire rental should be paid to Mrs. Beilfuss.

Within a few days after such transaction and on May 20, 1916, Mrs. Beilfuss died suddenly, then sixty-eight years old. Objections were interposed by certain of her children to the appointment of the defendant as executor under her will. The appointment, however, was made and he qualified as such.

November 2, 1916, this equitable action was commenced by certain of the children of Mrs. Beilfuss as plaintiffs against the defendant *Peter Dinnauer,* his wife, Ella, and one son, Charles Beilfuss, whose whereabouts had been unknown for a number of years.

The complaint recited substantially the facts as above set forth and alleged that the purchase by *Dinnauer* of the twenty acres was made pursuant to an agreement that he should thereafter reconvey the same to her, and alleged his subsequent refusal so to do; that the relationship between the two was such that she placed great trust and confidence in him and that he influenced and directed her to carry out the transaction outlined above.

Defendant demurred to such complaint, which demurrer was overruled after hearing before the Hon. Oscar M. Fritz, circuit judge. From the order so overruling the demurrer the defendant has also appealed.

The defendant thereupon answered, asserting in substance that the widow had on numerous occasions requested the defendant to purchase the twenty acres and to live thereon, being desirous to have her daughter Ella and defendant near her during her last years. That upon being informed by defendant that he was financially unable to purchase the twenty acres, she then told him she wanted to

make a gift to him of a sum of money sufficient for him to purchase the twenty acres, and that she desired this not only because of her affection for him and his wife but because of the aid and assistance he had given her from time to time with reference to her affairs.

Defendant then further alleged that the said widow informed him that she had been advised by counsel that the most expeditious way to secure title in *Dinnauer* of the twenty acres was to have a sale under the direction of the county court, and that she would give him a sufficient amount of money to purchase the outstanding incumbrances on the twenty acres and pay the expenses of administration of the estate. He alleged also the mortgaging by her of her eighty acres and that out of the proceeds of such loan the sum of "$3,450 was then and there delivered to this defendant as a gift with which to purchase the aforesaid notes and mortgages executed by the said Charles Beilfuss, Sr., and wife, which were then a lien upon the said twenty acres of land, in order that the defendant might purchase said land on administrator's sale."

He also alleged a subsequent agreement between himself and the widow that in view of the fact that he was not ready to improve the twenty acres the widow might cultivate the same in consideration of her paying the taxes that might be levied and assessed thereon. That up to her death the widow was of sound mind and in good physical condition, the relationship between her, her daughter Ella, and the defendant was cordial, that he assisted her in the conduct of her affairs, and at no time did she request a conveyance to her of the twenty acres or a desire to revoke the aforesaid gift or ever intimate that she believed she retained any interest or right therein. Defendant also counterclaimed upon the same grounds as asserted in his answer to have his title cleared of any adverse claim by plaintiffs.

Lengthy findings of fact were made by the trial court

covering with considerable detail the transactions between the parties. He found, among other things, in substance, that the widow desired to keep the twenty acres for herself and children and that there was an understanding and agreement between her and the defendant *Dinnauer* that he should bid in and purchase the twenty acres at the auction sale, provided outsiders did not bid a higher price, for her benefit, and that he was subsequently to reconvey to her. That in such transaction and in the advancing of the money she relied upon and reposed trust and confidence in defendant and was persuaded that it was for the best interests of the estate and that such proceedings would avoid the expense of a foreclosure action and prevent delay in getting possession of the twenty acres. That in all this she was without any knowledge or intent that her acts or conduct might or would be constructively fraudulent and that the defendant was at all times conscious and had full knowledge of the fact that he was acting in a trust capacity and that the widow believed and relied upon him and expected him to convey the twenty acres to her. That there was no consideration whatever passing from the defendant to the widow for a conveyance of the title to the said twenty acres to him. That *Dinnauer* never took possession in any way prior to the death of the widow and she continued in full possession and control, paid the taxes thereon, and conducted herself as and believed herself to be the owner of the twenty acres. That defendant took undue and unconscionable advantage of the trust and confidence the widow reposed in him, and that through his influence over her he secured the deed of the twenty acres and that such was a gross violation of the trust and a constructive fraud upon the widow. That there was no gift of money or of notes and mortgages or the twenty acres from Julia W. Beilfuss to defendant.

As conclusions of law, that the defendant had failed to overcome the presumption arising from the confidential

relationship between the two and that the alleged gift must be deemed void, that a trust was impressed upon the money, the notes and mortgages, and the land purchased by him, and he was required to give and deed and convey the.twenty acres to plaintiffs and the defendants other than himself, and in default of clearing the $1,300 mortgage a personal judgment for such amount be granted and the counterclaim of the defendant be dismissed.

From such judgment as well as from the order overruling the demurrer to the complaint the defendant *Peter Dinnauer* has appealed.

For the appellant there was a brief by *Pereles, Strouse & Carter*, attorneys, and *W. H. Bennett*, of counsel, all of Milwaukee; and the cause was argued orally by *Mr. Nathan Pereles, Jr.*, and *Mr. Bennett*.

*Joe H. Liesenfeld* and *Frank J. Kusta*, both of Milwaukee, for the respondents.

ESCHWEILER, J.    The answer of the defendant admits, and the testimony clearly discloses, a close confidential relationship between a widow of advanced years with a large family in which there was constant trouble, and her son-in-law, a man of mature years, and with whom she, immediately after the ending of the estrangement between the two families by the death of her husband, assumed a very cordial relationship.    No subsequent steps appear to have been taken by Mrs. Beilfuss with reference to her property affairs except and unless after consultation with defendant *Dinnauer* and apparently also without the advice of the other members of the family, and it is to an attorney who was also the advisor of *Dinnauer* that Mrs. Beilfuss went in order to be advised as to the proceedings to be taken to save the equity in this twenty acres, for some purpose.

It being conceded in this case that no valuable consideration passed as between the defendant *Dinnauer* and Mrs.

Beilfuss, either at the time of his receiving the substantial sum of money from her realized from the mortgage of her own property or at the time of the execution of the two deeds by her as administratrix and individually, respectively, a situation was presented in which the law has declared with emphasis that the burden is upon the beneficiary of such a transaction or series of transactions to satisfactorily and clearly show, when challenged, that there was no abuse by him of the trust and confidence so evidently reposed in him by such donor. *Armstrong v. Morrow,* 166 Wis. 1, 163 N. W. 179; *Patulski v. Bellmont Realty Co.* 166 Wis. 188, 164 N. W. 841; *Dupont v. Jonet,* 165 Wis. 554, 558, 162 N. W. 664; *Tobin v. Tobin,* 139 Wis. 494, 121 N. W. 144.

Unless the testimony does clearly establish that no advantage was taken of the relationship between the two, that it was open and above board, fair and legitimate, and in all respects the voluntary transaction of the donor, the presumption that there is no valid gift must stand and the transaction be held void.

It is strenuously argued by appellant that where, as in this case, the deceased, Mrs. Beilfuss, as administratrix being disqualified both by statute and public policy from becoming the purchaser of the real estate of her deceased husband and having executed a deed of the same as administratrix and in her individual capacity, and having subsequently in the administration proceedings, upon the confirmation of sale and by her verified report, alleged that she had no interest in the purchase, neither she in her lifetime nor the plaintiffs as her heirs could or can now successfully question but that title was absolutely vested in defendant by such deeds.

Reliance is also placed upon sec. 2077, Stats., which reads as follows:

"When a grant for a valuable consideration shall be made to one person and the consideration therefor shall be paid

by another, no use or trust shall result in favor of the person by whom such payment is made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section."

Appellant asserts that under the most favorable view of plaintiffs' case it amounts to the taking of title by *Dinnauer* of lands, the purchase price for which was advanced by another, Mrs. Beilfuss, and therefore by virtue of such statute the title vested absolutely in *Dinnauer* and cannot be questioned.

We think, however, these contentions were properly overruled by the trial court. The defendant by his pleadings and through the proceedings predicates his defense upon the assertion that there was a *bona fide* gift of personal property, namely, the money, by means of which the outstanding claims against the estate of Charles Beilfuss, Sr., were purchased by defendant and as a result of which the conveyances were made to him, and unless, therefore, he can successfully show a valid gift to him of this money he is without the purview of said sec. 2077, *supra,* for the reason that he is within the last excepting clause to said section as found in sec. 2079, Stats., which reads as follows:

"Section 2077 shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name, without the knowledge or consent of the person paying the consideration, or when such alienee, in violation of some trust, shall have purchased the lands so conveyed with moneys belonging to another person."

If, therefore, he was unable successfully to assert a gift of this money to him, he necessarily stood charged as trustee on behalf of Mrs. Beilfuss as to this fund and with the proceeds thereof in whatsoever form they may be traced into his hands, for there is no middle ground.

We are satisfied that there is sufficient justification in the record for the conclusion arrived at by the trial court that

there was no valid gift of the money realized by Mrs. Beilfuss from the mortgage of her own property to the defendant *Peter Dinnauer.*

It is true one witness testified that when applying to Mrs. Beilfuss for a lease of the 100 acres she told him that *Mr. Dinnauer* would have to sign for the twenty acres, that she had given them to him. Another, that during the proceedings in the county court in the probate of the estate of her husband Mrs. Beilfuss stated that she was going to give the defendant *Dinnauer* the twenty acres, that she wanted him to work the farm because he had small children, but was going to give him the twenty acres right out straight, and that this was because he did all the work that had to be done and that any time she called for work he attended to it for her. And another, to whom she said that she gave the twenty acres to *Dinnauer* because he helped her out with the land.

These conversations, however, were all with reference to the twenty acres and not to the gift of money upon which the defendant based his rights herein. The effect of these statements, if made, is qualified or limited by the undisputed facts that Mrs. Beilfuss remained in possession during all the time, paid the taxes, conducted the farm, and received the proceeds without question on *Dinnauer's* part. There was evidence of statements alleged to have been made by the defendant himself in the presence and hearing of Mrs. Beilfuss and some of her children after the sale of the twenty acres in which he stated that he had that day purchased them for her benefit.

Although the record is silent as to the value of her eighty acres, yet it is a fair presumption that the sum turned over to *Dinnauer* and now claimed by him amounted to quite a substantial proportion of her entire estate, and no very powerful reasons are shown why the son-in-law should be so preferred over his wife and the other children of Mrs.

Beilfuss, who were all on substantial equality under her will. The defendant has failed to show any adequate consideration for the transfer to him of such a sum of money.

Great reliance is placed by appellant upon the testimony of the attorney at law who represented Mrs. Beilfuss as the administratrix in the probating of her husband's estate and who was permitted to testify, without any objections being interposed, as to statements made to him by Mrs. Beilfuss during the relationship of attorney and client and with reference to this particular transaction, and to the effect that she, Mrs. Beilfuss, wanted *Dinnauer* to have these twenty acres, intended to make a gift of it to him; and that she had consulted with him, the attorney, in reference to the proper proceedings to take in order to effectuate such a purpose, and had expressed to him entire satisfaction with the proceedings when taken and the result apparently attained.

Although all this testimony was received without objection being made, it was nevertheless inadmissible because a clear violation of sec. 4076, Stats., which reads as follows:

"An attorney or counselor at law shall not be allowed to disclose a communication made by his client to him or his advice given thereon in the course of his professional employment."

It is manifest that had the action been brought by Mrs. Beilfuss in her lifetime to set aside the deeds in question it would have been a breach of the statute for the court to have permitted the attorney to testify as a witness for defendant to the information received by him from Mrs. Beilfuss in the course of his confidential professional relationship, and of course it can be no more properly received in this action after her death than if offered in her lifetime. The purpose of the statute is to seal the lips of the attorney as to communications made to him in good faith when seeking his professional advice in any and all matters outside of those which are to aid in a criminal intent or to

violate the law. To exclude such evidence so forbidden by the public policy of this state is a rule of judicial propriety. *Getzlaff v. Seliger,* 43 Wis. 297, 302.

Such testimony, therefore, has no proper place in the consideration of this case and will be presumed to have been disregarded by the court below, and must be here.

That the judgment of the court below can and should be upheld on the grounds above stated, renders it unnecessary to consider any other questions presented. It follows as matter of course that the demurrer to the complaint was properly overruled.

*By the Court.*—Judgment and order overruling demurrer each affirmed.