ZARTNER, Respondent, vs. HOLZHAUER, Appellant.

*October 14, 1930—March 10, 1931.*

For the appellant there were briefs by *McGovern, Curtis, Devos & Reiss* and *J. G. Hardgrove,* all of Milwaukee, and oral argument by *Mr. Hardgrove* and *Mr. Francis E. McGovern.*

*Walter D. Corrigan, Sr.* and *Clifton Williams,* both of Milwaukee, for the respondent.

The following opinion was filed January 13, 1931:

OWEN, J.  The specific legal question involved is whether the plaintiff, as a residuary legatee of the estate of Emma Zartner, deceased, may maintain in his own name an action to recover a fractional part of the damages alleged to have been sustained by Emma Zartner during her lifetime because of fraud and deceit practiced upon her by the defendant. This question is raised by the demurrer on the ground that the complaint does not state a cause of action.  *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489.  That the complaint sets forth facts constituting deceit which would have enabled the testatrix during her lifetime to rescind the conveyance, or to maintain an action to recover damages resulting from the deceit, is not challenged.  The question is whether this plaintiff, as one of the residuary legatees under the will of Emma Zartner, deceased, may maintain this action to recover a fractional part of the damages resulting from the deceit.

It is well established that equity will afford relief at the suit of heirs to place them in possession of, or to quiet their title in, real property, the legal title to which is held by another, under circumstances giving rise to a constructive trust. Such a constructive trust has often been declared at the suit of heirs where a conveyance from the ancestor has been

obtained by fraud, by the practice of undue influence, through a breach of trust and confidence, for the breach of a condition subsequent, where the ancestor was *non compos* at the time of the delivery of the deed, and many like situations. *Cole v. Getzinger,* 96 Wis. 559, 71 N. W. 75; *Borchert v. Borchert,* 132 Wis. 593, 113 N. W. 35; *Somervaill v. Mc-Dermott,* 116 Wis. 504, 93 N. W. 553; *Disch v. Timm,* 101 Wis. 179, 77 N. W. 196; *Armstrong v. Morrow,* 166 Wis. 1, 163 N. W. 179; *Cheney v. Gleason,* 125 Mass. 166; *Abernathie v. Rich,* 229 Ill. 412, 82 N. E. 308; *Lane v. Lane,* 106 Ky. 530, 50 S. W. 857; *Canton v. McGraw,* 67 Md. 583, 11 Atl. 287; *Foxworth v. Bullock,* 44 Miss. 457; *Stewart v. Miller* (Tex. Civ. App.) 271 S. W. 311; notes in 2 A. L. R. 431 and 33 A. L. R. 51. This relief is not afforded on the theory that it is a right which survives, although it is said that remedies administered in equity do not die with the person. The law devolves such title as the ancestor may have had in and to the real estate upon his heirs, and, as said in *Walling v. Thomas,* 133 Ala. 426, 430, 31 South. 982, "the jurisdiction of a court of equity rests upon the equitable right [of the heirs] to be invested with [their] succession."

But the rights of heirs are not here involved. The rights of the plaintiff do not come to him by virtue of descent. The deceased in this instance left a will, and such rights as the plaintiff had in and to the property of the deceased must be traced under the will. "In one thing all writers agree, and that is in considering that there are two modes only, regarded as classes, of acquiring a title to land, namely, descent and purchase; purchase including every mode of acquisition known to the law, except that by which an heir, on the death of an ancestor, becomes substituted in his place as owner by the act of the law." 3 Washburn, Real Property (6th ed.) p. 3, § 1824. It is incumbent upon the plaintiff, therefore, to show not only that his interest in this real estate came to

him in the nature of an assignment or conveyance under and by virtue of the terms of the will, but that the interest he may claim was the subject of an assignment or conveyance.

At the time of her death the legal title to these premises was not in the testatrix. It was in Holzhauer. She had conveyed the premises by her deed. This deed might have been voidable, but until rescinded by her it stood as a good conveyance and fixed the legal title of said premises in Holzhauer. The only right she possessed with reference to said premises was the right to rescind the conveyance. It was early held in this state that the right to rescind a contract because of fraudulent representations could be exercised only by the one upon whom the fraud was perpetrated, and that such right did not pass by assignment. *Crocker v. Bellangee,* 6 Wis. *645, p. 619; *Milwaukee & M. R. Co. v. Milwaukee & W. R. Co.* 20 Wis. *174, p. 183. The same conclusion was reached by the supreme court of the United States in *Graham v. La Crosse & M. R. Co.* 102 U. S. 148. See, also, *Whitney v. Kelley,* 94 Cal. 146, 29 Pac. 624; *Gray v. Ulrich,* 8 Kan. 112; *Weissenfels v. Cable,* 208 Mo. 515, 532, 100 S. W. 1028. There is some authority to the effect that where the defrauded grantor executes a second deed to the property which he has previously conveyed by a deed tainted with fraud, the second grantee may maintain an action to have the fraudulent deed set aside. *Dickinson v. Burrell,* L. R. 1 Eq. Cas. 336, *337; *McMahon v. Allen,* 35 N. Y. 403; *Prince v. Dupuy,* 163 Ill. 417, 45 N. E. 298. This is on the theory that the second conveyance constitutes an affirmative act of rescission on the part of the original grantor. Under either line of authorities rescission must be the act of the party defrauded.

The testatrix made no specific devise of these premises. Had there been such a specific devise, the authorities just cited might have been relied upon to construe it as an affirma-

tive act of rescission on the part of the testatrix during her lifetime. Here the plaintiff claims as a residuary devisee. No such effect can be attributed to a residuary clause, as there is no indication that she had these specific premises in mind, and it cannot be relied upon as disclosing an affirmative intent or act on her part disaffirming the deed by which she parted with title to these premises. Though the deed was voidable by Emma Zartner, it was effectual to vest her title to the premises in her grantee until it was voided by her, and her death, without rescission, must have the same effect as though she had affirmed it in her lifetime. All power to disturb the title to the premises died with her.

If it be contended that many actions are now survivable under our survival statute, and therefore assignable, which were not so at the time of the decision in *Crocker v. Bellangee,* 6 Wis. \*645, p. 619, and *Milwaukee & M. R. Co. v. Milwaukee & W. R. Co.* 20 Wis. \*174, p. 183, including actions for the recovery of the possession of real estate and equitable actions to set aside conveyances of real estate, it is to be observed that, in order to survive, such actions or rights of action must be in existence at the time of the death of the person in whom they are vested. Survival statutes are not potent to confer the right of rescission on another. The right of rescission is one personal to the defrauded party, and no action or right of action to recover the possession of real estate or to set aside the conveyance of land arising in cases such as this exists until the person defrauded has exercised this right of rescission. *Melenky v. Melen,* 233 N. Y. 19, 134 N. E. 822. Even had she known of the fraud prior to her death, the testatrix might not have chosen to rescind the transaction for reasons entirely personal and satisfactory to her. During her lifetime she had the right to do with her property as she pleased. She had the right to give it away or to acquiesce in the fraud imposed upon her. At any rate, we can discover no theory upon which this right passed to the plaintiff under her will.

We have discussed the question of whether the plaintiff acquired any rights in this property under the will because the settlement of that question seemed conclusive of the further question of whether he could maintain this action to recover damages for the alleged deceit. If he had acquired some title to the premises through the will, and his full enjoyment of the title thereof had been frustrated by the fraud practiced by the defendant upon Emma Zartner, the alternative remedy of recovering damages for the deceit became a mere incident of his right to recover possession of the premises and a right alternative to the more complete equitable remedy of rescission.

It is contended by the appellant that even though the plaintiff secured the right to recover possession of the real estate, the action to recover damages because of the deceit belonged to the executor. This would vest alternative remedies for the same wrong in different parties. Such a contingency would result in a most incongruous situation. The right to recover possession of the property would be vested in the legatees. The right to recover damages because of the deceit would be vested in the executor. Under such circumstances who is to make choice as to which remedy shall be pursued? Is the right to rescind on the part of the legatees to be held dependent upon the failure of the executor or administrator to sue for damages, or is the right of the executor or administrator to sue for damages to await the decision of the legatees as to whether they will rescind? It is plain that these alternative remedies for a single wrong should be vested in the same person or persons. The right to recover damages because of the deceit should be held to be alternative, secondary, and incidental to the dominant right to recover possession of the property, and that both rights, where they vest at all, vest in the same person.

What might be termed another form of this action was before this court in *Neelen v. Holzhauer,* 193 Wis. 196, 214 N. W. 497. In that case the administrator *de bonis non*

brought an action for a rescission of the deed here under consideration. It appearing that the assets of the estate were amply sufficient to discharge the expenses of administration, debts, and the payment of specific legacies, the administrator *de bonis non* had no right to or interest in the real estate, and hence could not properly maintain an action to cancel the conveyance. In the course of the opinion in that case it was said that such an action did survive to the heirs. It is apparent that the remark was purely casual, unnecessary to the decision of the case, and made rather inconsiderately. But whether the statement was correct, it was not said that the cause of action survived to the legatees, and the remark constitutes no authority for the maintenance of this action on the part of the plaintiff.

However, at the time of her death there was vested in the testatrix a cause of action to recover damages resulting from the fraud and deceit practiced upon her. This was in the nature of "damages done to property rights," and survived under sec. 331.01, Stats. Prior to the amendment of that section by ch. 353, Laws of 1907, it was held that such an action did not survive. *John V. Farwell Co. v. Wolf,* 96 Wis. 10, 70 N. W. 289, 71 N. W. 109. This was recognized as being contrary to the rule prevailing in some states, notably New York, it having been said that such action survived in New York because of the statute in that state providing for the survival of "actions for all wrongs done to property rights or interests of another." Since the adoption of the amendment of 1907 it was assumed in *Puffer v. Welch,* 144 Wis. 506, 129 N. W. 525, and especially declared in *Howard v. Lunaburg,* 192 Wis. 507, 213 N. W. 301, that such a cause of action did survive in this state. True, it was said in *Samuel Meyers, Inc. v. Ogden Shoe Co.* 173 Wis. 317, 181 N. W. 306, that the action did not survive, but it is apparent that the amendment of 1907 was not in the mind

of the Justice who wrote the opinion in that case, and, besides, the remark was *obiter*. Counsel for appellant rely upon the statement made in the case of *Samuel Meyers, Inc. v. Ogden Shoe Co.* 173 Wis. 317, 181 N. W. 306, and say that the criticism of that case in *Howard v. Lunaburg,* 192 Wis. 507, 213 N. W. 301, was itself *obiter.* However that may be, we consider that the purpose of the amendment was plain. It was to accomplish the same result imputed to the language of the New York statute and to make survivable actions for damages resulting to property interests as well as to specific property.

We have no doubt that an action to recover damages for the fraud and deceit alleged in the complaint survives. The further question arises, to whom does it survive? The claim for damages manifestly represented an intangible asset of the estate and one which went to the personal representatives rather than to the legatees. It was the duty of the executor to reduce the claim to cash so that it might be distributed to those entitled to it. Such would be the conclusion based upon general principles, but the same conclusion is made necessary by the provisions of sec. 287.01, Stats., which provides in effect that such actions may be brought by the executors or administrators of the person injured. The action, therefore, was one which should have been brought by the executor or administrator *de bonis non.* The allegations of the complaint show no right in the plaintiff to maintain this action further than that he was a residuary legatee under the will of Emma Zartner, deceased. It is not shown that the right of action was assigned to him or that he ever in any manner acquired title thereto. Whether this right of action could be split up and the parts assigned in severalty to the various residuary legatees is a question with which we are not now confronted and upon which we express no opinion. As the complaint stands, it fails to state a cause of ac-

tion in the plaintiff and the demurrer thereto should have been sustained.

*By the Court.*—Order reversed, and cause remanded with instructions to sustain the demurrer to the complaint.

A motion for a rehearing was denied, with $25 costs in one case, on March 10, 1931.