KRUEGER, Administratrix, Respondent, vs. HANSEN and others, Appellants.

*October 7—November 4, 1941.*

The cause was submitted for the appellants on the brief of *G. M. Sheldon* of Tomahawk, attorney, and *Fred W. Genrich* of Wausau of counsel, and for the respondent on that of *Walter A. Graunke* of Wausau, attorney, and *Frank W. Carter* of Eagle River of counsel.

ROSENBERRY, C. J.  The complaint containing more than two thousand five hundred words and covering more than twelve pages of the case purports to state but one cause of action.  It is difficult to determine what cause of action the pleader stated.  A large amount of matter, evidentiary and otherwise, is alleged upon information and belief, a considerable part of it relating to intercorporate proceedings which have no place in the complaint upon any theory.  In a number of paragraphs it is alleged that pursuant to a conspiracy the defendants wrongfully and fraudulently induced the deceased to do certain things.  The prayer for relief is that certain deeds described in the complaint, executed by the deceased Anna Raymond, should be canceled; that likewise a bill of sale should be canceled and a certain amount of cash returned and—

"that said judgment shall rescind and set aside said three above mentioned documents; and that the defendants shall be compelled to account to the plaintiff as to the earnings of said corporation," etc.

Manifestly the pleader attempted to state a cause of action in equity for rescission and cancellation of instruments, the

execution of which was induced by fraudulent misrepresentations. In *Zartner v. Holzhauer* (1931), 204 Wis. 18, 234 N. W. 508, the cases were reviewed, and it was distinctly held the right to rescind for fraud does not pass by assignment, and that upon the death of the grantor without rescission all power to rescind dies with him for the reason that actions or rights of action to set aside conveyances or to recover real estate for fraud do not survive unless in existence at the time of the death of the person in whom they are vested. It was further held that such right of action does not arise until the person defrauded exercises the right to rescind. There is no allegation in the complaint under consideration that the deceased Anna Raymond rescinded or attempted to rescind the transactions now sought to be set aside by the administratrix. Therefore, the complaint does not state a cause of action for rescission.

*Zartner v. Holzhauer, supra,* involved damages alleged to have been sustained by inducing the deceased by false and fraudulent representations to convey certain real estate. It was held that an action to recover damages for such fraud and deceit survived under sec. 331.01, Stats., and that under the provisions of sec. 287.01 such an action could be maintained by the executor or administrator of the person injured. Upon the facts alleged in the complaint respecting the ownership of the property; the making of false and fraudulent representations by the defendants; that the deceased relied thereon; that damages resulted; it must be held that the complaint states a cause of action for damages for fraud. *Fisher v. Goodman* (1931), 205 Wis. 286, 237 N. W. 93.

The defendants demur to the complaint also on the ground that several causes of action have been improperly united. The trial court was of the view, in which we concur, that the complaint states but one cause of action. The mass of evidentiary matter set out in the complaint all purports to relate to the transactions which the pleader sought to have set aside

and should have been stricken out as surplusage upon a proper motion. For that reason the trial court properly overruled the demurrer on the second ground stated.

Under the statute it is the duty of the trial court, if it can spell out of the multitude of facts alleged a cause of action, to overrule a demurrer to the complaint if it appears that the plaintiff is entitled to any redress. (Sec. 263.07, Stats.) Because of this rule, pleaders not infrequently state a multitude of facts that pertain to the cause of action which they are endeavoring to set out and then leave it to the court to determine what redress, if any, they are entitled to. This is a sloppy and unlawyerlike procedure. In the face of a decision of this court that a cause of action for rescission does not survive, the pleader in this case attempted to state such a cause of action in the administratrix but in addition set out many evidentiary facts as if they were grounds for separate causes of action. What such practice does is in effect to require the trial court, and upon appeal, this court, to determine whether a cause of action of any kind is stated. Where the pleader follows such a practice, it is considered that even though the demurrer must be overruled, the pleader should be allowed no costs. In former times the court would have gone no further than to ascertain whether the cause of action which the pleader attempted to state was in fact stated, and under the circumstances of this case would have sustained a demurrer. Although the practice has now been liberalized, it is still the statutory duty of the pleader to make "a plain and concise statement of the ultimate facts constituting each cause of action, without unnecessary repetition." (Sec. 263.03 (2), Stats.) Because of the failure to observe this statutory requirement, the respondent will not be allowed costs.

*By the Court.*—The order appealed from is affirmed. No costs to be taxed, the appellant to pay the clerk's fees.