GLOJEK and others, Respondents, vs. GLOJEK and another, Appellants.

*November 17—December 15, 1948.*

110

*Bruce B. F. Randolph* of Milwaukee, for the appellants.

For the respondents there was a brief by *Shea & Hoyt*, attorneys, and *Ralph M. Hoyt* and *Hamilton T. Hoyt* of counsel, all of Milwaukee, and oral argument by *Ralph M. Hoyt* and *Hamilton T. Hoyt*.

WICKHEM, J.    The argument of defendants can be very simply put: This court in a number of cases has held, (1) that undue influence is a species of fraud; *Will of Grosse,* 208 Wis. 473, 243 N. W. 465; *Boardman v. Lorentzen,* 155 Wis. 566, 145 N. W. 750; *Will of Slinger,* 72 Wis. 22, 37 N. W. 236; *Will of Schaefer,* 207 Wis. 404, 241 N. W. 382; *Will of Ball,* 153 Wis. 27, 141 N. W. 8; and (2) that an action to set aside a deed upon the ground of fraud does not survive to heirs of the decedent.    *Zartner v. Holzhauer,* 204 Wis. 18, 24, 234 N. W. 508; *Krueger v. Hansen,* 238 Wis. 638; 300 N. W. 474; *Riedi v. Heinzl,* 240 Wis. 297, 3 N. W. (2d) 366.    The quotation from the *Holzhauer Case* relied upon as applicable is as follows:

"Though the deed was voidable by Emma Zartner, it was effectual to vest her title to the premises in her grantee until it was voided by her, and her death, without rescission, must have the same effect as though she had affirmed it in her lifetime.    All power to disturb the title to the premises died with her. . . .

"The right of rescission is one personal to the defrauded party, and no action or right of action to recover the possession of real estate or to set aside the conveyance of land arising in cases such as this exists until the person defrauded has exercised this right of rescission.    *Melenky v. Melen,* 233 N. Y. 19, 134 N. E. 822."

It is the contention of plaintiffs, (1) that under the facts involved in the *Holzhauer Case* the court had no occasion to make any ruling upon the point and that the opinion expressed in the above quotation is dictum; (2) that the *Holzhauer Case,* if construed to hold as indicated in the quotation is wrong and contrary to all previous authority in this state and to all authority in the country at large; (3) that in case the court determines to adhere to the doctrine of the *Holzhauer Case* its application should be limited to ordinary fraud cases where the decedent is of sound mind and not under undue influence and where he could be considered to have had a chance to disaffirm which he did not take.  It is asserted that in cases of undue influence the very nature of the fraud is likely to guarantee that there will be no subsequent disaffirmance. After a careful restudy of the matter we conclude that plaintiffs are right and that the dictum in the *Holzhauer Case* was erroneous.  In *Davis v. Dean,* 66 Wis. 100, 26 N. W. 737, heirs were granted recovery of property conveyed by the deceased mother and this was grounded both on mental incompetency and undue influence.  The following cases all involve undue influence and hold to the same effect: *Cole v. Getzinger,* 96 Wis. 559, 71 N. W. 75; *Doyle v. Welch,* 100 Wis. 24, 75 N. W. 400; *Disch v. Timm,* 101 Wis. 179, 77 N. W. 196; *Shawvan v. Shawvan,* 110 Wis. 590, 86 N. W. 165; *Quinn v. Quinn,* 130 Wis. 548, 110 N. W. 488.  In the foregoing cases the right of heirs to maintain such an action was assumed without discussion.  In all of them there were elements of confidential relationship and the court considered this sufficient to raise a constructive trust.  *Allen v. Frawley,* 106 Wis. 638, 82 N. W. 593, presented the case of a conspiracy to obtain decedent's property carried out by one standing in a confidential relationship and plaintiffs there sought to have the court raise and enforce a constructive trust.  The case did not, however, involve either undue influence or the misuse of property by a fiduciary to one to whom it had been intrusted.  The court in

the *Frawley Case* construed the complaint as one seeking not damages but return of the property fraudulently obtained by the device of charging defendant as constructive trustee and enforcing the trust.   It was held that such an action survived the death of the *cestui que trust*.

In *Somervaill v. McDermott,* 116 Wis. 504, 93 N. W. 553, an administrator sought to recover personal property obtained from his decedent by fraud.   The court stated that the contention that this cause of action "does not survive is so completely refuted by the authorities as to hardly require discussion."   In *Borchert v. Borchert,* 132 Wis. 593, 113 N. W. 35, the court stated that there was a distinction between an action for cancellation of fraudulently procured deeds which was held tö survive on common-law principles and an action at law for the fraud which did not survive because not at that time covered by a survival statute.   In this case the court found a basis for raising a constructive trust.   In *Armstrong v. Morrow,* 166 Wis. 1, 163 N. W. 179, an administrator sought to set aside the assignment of a mortgage procured by an attorney from decedent, through the exercise of undue influence.   There was no challenge to the right of the administrator to maintain the action and the court affirmed a judgment in his favor.   The court specifically dealt with the contention that decedent lost his right of rescission by reason of laches in not moving to set aside the assignment within four years between the time of assignment and his death.   It was held that the confidential relation and undue influence existed up to the time decedent died and that there was no delay amounting to laches.   In *Patulski v. Bellmont Realty Co.* 166 Wis. 188, 164 N. W. 841, this court affirmed a judgment in favor of residuary legatees under the will of a woman from whom a deed had been obtained by her confidential agent under circumstances pointing to fraud or undue influence.   The deed had been given two years before the death of the grantor and the action was one by the residuary legatees to quiet title to the real estate covered

by the deed. In *Beilfuss v. Dinnauer*, 174 Wis. 507, 183 N. W. 700, this court permitted heirs to recover property obtained from their decedent by undue influence. Here also, as above noted, the factor of confidential relationship existed and a constructive trust was raised. In that case the grantor did not die for five years after its execution. It will be well at this point to review the several cases dealing with the Zartner estate. In *Will of Zartner*, 183 Wis. 506, 198 N. W. 363, Mrs. Zartner died testate in 1922. She left her residuary estate to her four children and named Charles Holzhauer executor. Claiming that Holzhauer had obtained certain of testatrix's real estate from her by fraud during her lifetime and •that he was unsuitable to serve as executor the devisees successfully prosecuted an action to have him removed. An administrator *de bonis non* was therefore appointed and he brought action against Holzhauer to cancel the deed by which Holzhauer had acquired the property in question. Judgment favorable to the administrator was reversed in this court on the ground that the right of rescission vested in the devisees under the will and not in the administrator. *Neelen v. Holzhauer*, 193 Wis. 196, 201, 214 N. W. 497. It was held that there was no showing that the administrator needed possession of the property to satisfy debts and legacies and that, the right of action to set aside the deed being in the heirs, the right to prosecute it should also be in them except in the contingency above mentioned. It is stated that if "the right of action survives and descends, as we hold it does, to the heirs where there is no will and to the residuary legatees where by the terms of the will it is vested in them, then the right to maintain the action is in the residuary legatees and it is their right to prosecute and control the action."

Thereafter two of the devisees commenced an action but deliberately elected to waive rescission and to seek damages. This case came to this court in *Zartner v. Holzhauer*, 204 Wis. 18, 21, 234 N. W. 508, (referred to in this opinion as the *Holzhauer Case*) and the court states the problem as follows:

"The specific legal question involved is whether the plaintiff, as a residuary legatee of the estate of Emma Zartner, deceased, may maintain in his own name an action to recover a fractional part of the damages alleged to have been sustained by Emma Zartner during her lifetime because of fraud and deceit practiced upon her by the defendant."

Since rescission was not sought, the only question before the court was whether the right to recover damages belonged to the devisee or to the administrator. The court reaffirmed the rule that equity will afford relief at the suit of heirs to quiet their title in real property, the title to which is held by another under circumstances giving rise to a constructive trust, (p. 22):

"This relief is not afforded on the theory that it is a right which survives, although it is said that remedies administered in equity do not die with the person. The law devolves such title as the ancestor may have had in and to the real estate upon his heirs, and, as said in *Walling v. Thomas,* 133 Ala. 426, 430, 31 South. 982, 'the jurisdiction of a court of equity rests upon the equitable right [of the heirs] to be invested with [their] succession.'"

The court thereupon made the statement criticized by plaintiffs that although the deed was voidable by the grantor it would vest title in the grantee until it was voided by her and that her death without rescission had the same effect as though she had affirmed it in her lifetime. "All power to disturb the title to the premises died with her."

Since the *Holzhauer Case* two cases have reiterated the statement. The first was *Krueger v. Hansen,* 238 Wis. 638, 300 N. W. 474. In that case the question was whether two causes of action were improperly joined and whether an administrator could sue at law for fraud without showing that there was a deficiency of assets to pay creditors and expenses. *Riedi v. Heinzl,* 240 Wis. 297, 3 N. W. (2d) 366, was an action by heirs to rescind a conveyance by their ancestor because of fraud and mental incompetency. This case came here

upon a plea in abatement and the only question before the court was whether the action was brought by the right parties. The statement in the *Holzhauer Case* had no bearing upon the issues in the foregoing two cases. The view relied upon by defendants and expressed in the *Holzhauer Case* is contrary to the great weight of authority in the country. See 2 A. L. R. 431, for collection of cases. The statement is likewise contrary to the statements bearing upon the point in encyclopedias : See 1 Am. Jur., Abatement and Revival, p. 68, sec. 79 ; 9 *id.*, Cancellation of Instruments, p. 357, sec. 10 ; 1 C. J. S., Abatement and Revival, p. 182, sec. 134 ; 12 *id.*, Cancellation of Instruments, p. 1016, sec. 45. It has been criticized in law reviews : 6 Wis. Law Review, 252 ; 15 Marquette Law Review, 232 ; 30 Mich. Law Review, 420. While, due to the fact that this court in cases heretofore discussed has emphasized the relevancy of a fiduciary relationship to the raising of a constructive trust, it might be supposed that such a relationship is somehow an essential condition to the raising of a trust, that is not the law. It is the rule that "where the owner of property transfers it, being induced by fraud, duress or undue influence of the transferee, the transferee holds the property upon a constructive trust for the transferor." Restatement, Restitution, p. 673, sec. 166. There can be no proper distinction between cases involving undue influence and breach of fiduciary relationship, on the one hand, and ordinary fraud in the inducement on the other, in so far as survival of the right to rescind or otherwise to get specific relief is concerned. It is true that laches, precluding rescission, more frequently exists in cases of ordinary fraud than in the two other situations but this has no bearing here. We conclude that the statement in the *Holzhauer Case* was not necessary to its decision and that it was erroneous.

*By the Court.*—Order affirmed.