VANDE VOORT, Appellant, vs. FARMERS & TRADERS BANK, imp., Respondent.

*September 17—October 11, 1927.*

*Mortgages: Priorities: Appeal: Findings of trial court based on inferences from established circumstances: Weight.*

1. Where a bank took a mortgage on land, and an existing mortgage owned by the mortgagor's father was satisfied and a new mortgage to the father was left with the bank to be recorded, in an action by the father to have his mortgage declared prior to that of the bank, the bank had the burden of proving performance of its trust in good faith, and could not secure an advantage to which it was not entitled by recording its mortgage prior to that of the father. p. 59.

2. Since because of the death of the cashier of the bank, who handled the transaction, direct testimony was not available and the case depended largely on inferences from certain established circumstances, the conclusion of the trial court,

Vande Voort v. Farmers & Traders Bank, 194 Wis. 56.

reached by weighing circumstances and balancing probabilities, cannot be disturbed on appeal unless contrary to the great weight of the evidence. p. 59.

3. A finding of the trial court that the bank's mortgage was entitled to priority is *held* not contrary to the great weight of the evidence. p. 60.

ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed.*

Action by *John Vande Voort* against the *Farmers & Traders Bank* to have a mortgage executed to him by Peter Vande Voort and Catherine Vande Voort, his wife, declared a prior lien to a mortgage executed by the same parties to the *Farmers & Traders Bank.* Peter Vande Voort and Catherine Vande Voort are made parties to the action, but no relief is demanded against them. From a judgment in favor of the *Farmers & Traders Bank* the plaintiff, *John Vande Voort*, appeals.

For the appellant there were briefs by *Ryan & Cary* of Appleton, and oral argument by *T. H. Ryan.*

For the respondent there was a brief by *Cady, Strehlow & Kaftan* of Green Bay, and oral argument by *Max H. Strehlow.*

OWEN, J. In the year 1916 the plaintiff, *John Vande Voort*, and his wife, conveyed a farm consisting of 120 acres to their son, Peter Vande Voort. The purchase price was $12,000. The son paid $1,000 in cash and secured the balance by a purchase-money mortgage of $11,000 on the property. Payments were made upon this mortgage from time to time, and in December, 1924, the amount due on the mortgage had been reduced to $9,000. On or about December 8, 1924, Peter Vande Voort, the son, applied to the *Farmers & Traders Bank* for a loan of $4,200. On that day plaintiff and his son met at the bank. Plaintiff executed a satisfaction of his $11,000 mortgage. The son and his

wife executed two new mortgages, one of $4,200 in favor of the bank, the other for $9,000 in favor of the plaintiff. Both mortgages covered the farm in question. Neither mortgage contained a clause stating that it was subject to the other. They were both dated on the same day. The plaintiff left his mortgage at the bank to be recorded. The mortgage executed to the bank was recorded in the office of the register of deeds for Brown county on the 27th day of February, 1925; the one executed to the plaintiff was recorded in the same office on the 5th day of March, 1925. On the record, therefore, plaintiff's mortgage became subject to the $4,200 mortgage executed to the bank.

Plaintiff contends that it was agreed between him and the son and the bank that his $9,000 mortgage should be a first mortgage and the mortgage of the bank should be a second mortgage. Shortly after the execution of the mortgages, and prior to their recording, C. W. Mueller, the cashier of the bank and who acted for and represented the bank in this transaction, died, which fact greatly limited the field of testimony in the case. Mr. Mueller could not testify, and the plaintiff was not permitted to testify, to conversations had between him and Mr. Mueller, and the finding of the trial court rests largely in inferences to be drawn from certain established circumstances. One significant circumstance consists in the fact that, although Mr. Mueller drew both mortgages, neither mortgage refers to the other, and there is no clause in either mortgage making it subsequent to the other. The fact that the two mortgages were drawn at the same time by the same scrivener, an experienced conveyancer, would seem to indicate that such a clause was left out either by inadvertence or design. We have the further fact that neither mortgage was recorded until seventy-five days after it was executed, and after Mr. Mueller's death. They were both recorded by the bank, the bank's mortgage being recorded several days before the plaintiff's. It is un-

disputed that the plaintiff left his mortgage with the bank to be recorded. In this respect the bank acted as the agent for the plaintiff, a duty of trust which it was bound to perform in good faith. In view of this circumstance it would appear that the bank had the burden of proving its proper execution of the trust. Certainly it could not secure an advantage to which it was not entitled by recording its mortgage prior to that of the plaintiff. We therefore proceed to an examination of the evidence with that burden resting on the bank.

Now what are the other persuasive circumstances in the case? They are rather few and simple. *John Vande Voort's* son desired to borrow $4,200. He applied to the bank for the loan, offering a mortgage on his farm as security. In 1916 the farm sold for $12,000. In 1924 there was a mortgage against it for $9,000. The bank made the loan, but before the loan was made the plaintiff was called to the bank and he executed a satisfaction of the $11,000 mortgage. Two mortgages were then drawn up, one for $4,200 and the other for $9,000. Manifestly there was an intention that the one or the other of these mortgages should be a second mortgage. Plaintiff testified that he supposed he was getting a first mortgage, but if the bank was content with a second mortgage, then why satisfy the first mortgage? If it be said that the bank might be better satisfied with a security which should be subject to a $9,000 mortgage rather than to an $11,000 mortgage, then a partial satisfaction could have been made. Plaintiff's $11,000 mortgage ran for ten years and was not then due. But over and above these considerations, we must not overlook the improbability of a bank loaning $4,200 and taking as security a mortgage which should be second to a $9,000 mortgage on a farm which sold in 1916 for $12,000.

The conclusion in this case must necessarily be reached by a weighing of circumstances and by a balancing of prob-

abilities.    This is a function that belongs to the trial court, whose conclusion cannot be disturbed unless contrary to the great weight of the evidence.    The trial court was impressed with the fact that before any loan was made plaintiff's mortgage was satisfied, and with the improbability that any bank would loan such a sum upon a farm of this character and value subject to a nine thousand dollar mortgage.    He gave greater weight to these considerations than to the fact that neither mortgage made any mention of the other and to the testimony of the plaintiff that he supposed he was getting a first mortgage.    We cannot say that the finding of the trial court is contrary to the great weight of the evidence, and the judgment must be affirmed.

*By the Court.*—So ordered.


ESCHWEILER, J. (*dissenting*).    Because I cannot agree that the facts and circumstances afford proper support for the conclusion reached below and affirmed here whereby the plaintiff's mortgage is made subordinate to that of the defendant bank, I must dissent.

It was admitted on the trial that plaintiff signed the satisfaction of the $11,000 mortgage the same day that the two mortgages were executed, but such satisfaction was not offered in evidence nor does the record disclose when, if ever, it was recorded.

Whether the plaintiff, then seventy-five years of age, having great trust and confidence in Mr. Mueller, who had dealt for him in the transaction when the farm was sold and continued to hold plaintiff's mortgages, was treating with Mueller as an individual or as an official of the bank is immaterial, since the bank necessarily asserted its claim for priority and obtained its mortgage through and by the transactions with Mueller.

Under the rule as to the showing required of one having a seeming advantage over another where a confidential or trust relationship existed, as stated in *Patulski v. Bellmont*

*Realty Co.* 166 Wis. 188, 164 N. W. 841; *Beilfuss v. Din-nauer,* 174 Wis. 507, 183 N. W. 700, I think the defendant bank should have been held under the necessity of offering full and free disclosure as to the entire transaction; why the instruments were kept off the record until after the death of Mr. Mueller; why preference should have been given to the bank's mortgage in the recording when done, as it evidently was, on behalf of the bank by some undisclosed person who could have had no personal knowledge as to the original transactions; why there was the significant omission in the two mortgages prepared by Mueller of a recital to indicate, as is usually done and properly should have been done, intended priority.

There is no proof in the record that the defendant's son urged the plaintiff to forego the priority of his obligation in order to permit the son to borrow the money, or even that any part thereof was used in adding to the value of the farm.

I think the defendant bank should have made a disclosure of all the circumstances as against one situated toward it as was the plaintiff here.