GRAHAM, Respondent, vs. ZELLERS, Appellant.

*September 17—October 13, 1931.*

For the appellant there was a brief by *Shannon & Higgins* of Kenosha, and oral argument by *F. J. Shannon.*
*Julius Goldstein* of·Kenosha, for the respondent.

FRITZ, J.   Undisputed. evidence established that the defendant leased from the F. W.. Woolworth Company the first floor and basement of a business building, for a term which was to expire on March 9,. 1930,.at a monthly rental of $225; that under the terms of the lease he could not effectively assign it without the written consent of his. lessor; that in June and July, 1929, plaintiff and defendant negotiated for the defendant's assignment of the lease to the plaintiff, and that after they had otherwise agreed upon .the terms of the proposed assignment the consummation of the transaction was delayed because of the inability of the parties and the defendant's attorney, Joseph .E. Higgins, to·obtain the written consent of the Woolworth Company to the assignment; and that finally on August 7, 1929, defendant delivered an assignment executed by him to the plaintiff in consideration of $2,000, which plaintiff. then paid in cash and by his note. .Plaintiff testified positively that on that occasion the defendant represented that he had at his office the Woolworth Company's written consent to the assignment; that plaintiff believed that representation and relied on ·it in paying the $2,000.   On the other hand, defendant unequivocally denied that he had made any such representation.   He admits that he never obtained such consent.

The testimony of the respective parties as to whether such a representation was made by the defendant on August 7, 1929, is in direct and irreconcilable conflict.   There was no

other witness present on that occasion. There is proof of other facts which circumstantially corroborate defendant's testimony, but there is likewise proof of other facts and circumstances which admit of inferences favorable to plaintiff's version. In the face of that conflicting evidence the trial court found that the defendant did represent to the plaintiff that he had the consent of the Woolworth Company to the assignment of the lease. On this appeal defendant's counsel vigorously contend that the evidence does not sustain that finding, and their argument on the evidence might well have convinced the trial court of the truth of defendant's testimony and contentions. However, the relative credibility and weight of the testimony of the witnesses, and the corroborative values of the circumstantial evidence, were primarily for the consideration of the trial court; and its findings are not to be disturbed on an appeal, if there is sufficient credible evidence to sustain them, and no error prejudicial to appellant occurred in ruling on the admission of evidence. *Vote-Berger Co. v. Carter-Wabeno Tel. Co.* 151 Wis. 103, 138 N. W. 47; *Will of Heymann,* 190 Wis. 97, 103, 208 N. W. 913; *Hamblyn v. Crase,* 194 Wis. 628, 631, 217 N. W. 311; *Vande Voort v. Farmers & Traders Bank,* 194 Wis. 56, 59, 215 N. W. 453.

After reviewing the evidence, we have concluded that we are not warranted by the record in this case in holding that the plaintiff's testimony is incredible, or that the court's finding as to the making of the representation by the defendant is against the clear preponderance or great weight of the evidence. Under the circumstances and the established practice, that finding cannot be disturbed, and no useful purpose will now be served by an extended discussion of the evidence. On the other hand, there was no error in receiving plaintiff's parol testimony as to the representation. That testimony did not vary nor contradict the written assignment. There

is nothing whatsoever stated in that assignment in relation to the matter of the consent of the Woolworth Company.

Pursuant to the assignment, plaintiff succeeded the defendant in the possession of the leased premises in September, 1929. At the same time, plaintiff entered into possession of the second floor of the building with the consent of Hong Kong Lo, who had been in possession of that floor by virtue of a written lease from the Woolworth Company, under which he was entitled to continue in possession until March 9, 1930, at a rental of $80 per month. A provision in that lease also rendered it non-assignable without the written consent of the Woolworth Company. Immediately upon taking possession plaintiff commenced remodeling and making extensive alterations in the leased premises, and by September 12, 1930, had incurred an expense of about $10,000 in that work. He sent $305 to the Woolworth Company to pay the first month's rent, but the amount was returned with a refusal to recognize him as a tenant of the premises. To avoid being ejected from the premises plaintiff retained Mr. Higgins, who had previously represented defendant as his attorney in negotiations with the Woolworth Company, to obtain its consent to defendant's assignment of the lease to plaintiff. After some further negotiations Mr. Higgins obtained the consent upon plaintiff's agreeing to pay the Woolworth Company $45 per month for six months, in addition to the $225 per month and the $80 per month, respectively, payable under the Woolworth Company's leases with the defendant and with Hong Kong Lo. Plaintiff also paid Mr. Higgins $10 for his services in procuring the Woolworth Company's consent and that was undoubtedly a reasonable and necessary expenditure.

Plaintiff contends that upon discovering that defendant had not obtained the consent of the Woolworth Company to the assignment, he offered to rescind and demanded that the

defendant return the $2,000 which he had been paid. However, it does not appear that plaintiff vacated the premises which defendant had turned over to him, or that he placed or offered to place the defendant in possession thereof. Consequently plaintiff was not entitled to restitution to the extent of recovering of the defendant the entire $2,000 which defendant had received from plaintiff. Neither do we find in the evidence any basis for the allowance to the plaintiff, as his damages, of the sum of $125 per month for six months. True, $125 per month was the amount which he paid to the Woolworth Company in excess of the $225 per month payable to that company under its lease to the defendant. However, the Woolworth Company was entitled to at least $80 of that monthly payment of $125 for the use of the premises which had been turned over to the plaintiff by Hong Kong Lo. Consequently, only the difference between that monthly payment of $125 and the $80 monthly rental for the second floor, viz. $45 per month, could, at the very most (under the most favorable inferences which the evidence admits of), be considered as the additional expense to plaintiff because of the failure of the defendant to obtain the Woolworth Company's consent as he had represented. But in all probability and fairness, that difference of $45 per month should be considered an increase in rental for the entire premises occupied by plaintiff. In that event, those $45 are chargeable in part to the premises obtained by plaintiff from Hong Kong Lo, as well as to the portion of the building obtained from the defendant. Consequently, the $45 increase should be prorated in the ratio which existed between the rentals payable under the original leases, so that there is attributable to that portion of the premises which defendant had leased 225-305 of the $45, which amounts to $33. That entitles plaintiff to recover $198 on account of the six monthly payments, and in addition thereto he is entitled to recover from the defendant the $10 disbursement for attorney's fees. It follows that the judgment must be

modified by reducing the amount of damages recoverable by the plaintiff to $208. As modified, the judgment must be affirmed.

*By the Court.*—Judgment modified by reducing the amount of the damages recovered by the plaintiff to $208; and as modified, the judgment is affirmed, with costs to appellant.