WILL OF MUELLER: BAJERLE and another, Appellants, vs. BANNA, Respondent.

*June 12—July 1, 1947.*

*E. J. Mueller* of Milwaukee, for the appellants.

For the respondent there was a brief by *Charney & Kovenock* of Milwaukee, and oral argument by *Harry A. Kovenock*.

FRITZ, J.    Under the instrument offered for probate as the will of Frank Mueller, the proponent, Cilia Bajerle,—a cousin of the deceased testator,—and her husband were to have all of the estate, amounting to about $17,000, excepting the sum of $5 bequeathed to John Banna, the testator's grandson and sole heir at law, and likewise the sum of $5 bequeathed to the pastor of a certain church.    Banna objected to the probate of the instrument in question on the grounds that at the time of the alleged execution thereof by Mueller, he was not of sound mind and did not have sufficient mental capacity to make a will; and that the execution thereof was procured by undue influence exercised upon and over Mueller by Cilia Bajerle.

Upon the trial of the issues the court filed a decision and findings which stated with considerable detail facts found by the court upon which it was well warranted in concluding, in connection with other matters, the following:

That at the time of the execution of said instrument on July 29, 1946, Mueller was not of sound mind, and not mentally competent to make and execute a will; that beginning about a month prior to said date Mueller became and remained obsessed with insane delusions and hallucinations which affected the making of said instrument; that among them were insane delusions and hallucinations relative to the physical conditions in his home and relative to the conduct of his grandson, John Banna, and that he was abusing Mueller physically and verbally, and was cheating him financially; that there was not the slightest basis in truth or reality for such beliefs, and they were

simply insane delusions and hallucinations of testator, and the making of said instrument was affected, governed and controlled by, and is the product of, said delusions and hallucinations.

That the execution of said instrument was procured by undue influence exercised over and upon Mueller by Cilia Bajerle; that for twenty-five years prior to July 5, 1946, she had not visited with or seen Mueller, although they lived in the same community, and that her husband, Mike Bajerle, was an utter stranger to testator, whom Mueller had never met until about July 20, 1946; that beginning July 5, 1946, proponent made a series of six or seven calls at Mueller's home until she moved him to her home on July 23, 1946, and then encouraged him in his delusionary beliefs that he was being mistreated by his grandson, and that by removing Mueller from his own home she was saving his life; that said instrument was made at proponent's home, six days after Mueller's removal thereto, and several days prior to the first time he had any information of the commencement of a proceeding brought by John Banna and his father to have Mueller adjudged insane; that Mueller was subject to undue influence and the proponent had the opportunity and disposition to exercise such influence, and the instrument as made appears to be the effect of the undue influence exerted by her and should not be admitted to probate; and that therefore the court adjudged that allowance and probate thereof be denied.

Appellants contend Mueller was of sound and disposing mind and memory on July 29, 1946, when he executed the instrument in question, and that he was subject to no undue influence. In passing upon these contentions there are applicable the rules that,—

"the relative credibility and weight of the testimony of the witnesses, and the corroborative values of the circumstantial evidence, were primarily for the consideration of the trial court; and its findings are not to be disturbed on an appeal, if there is sufficient credible evidence to sustain them, and no error prejudicial to appellant occurred in ruling on the admission of evidence." *Graham v. Zellers*, 205 Wis. 542, 544, 238 N. W. 385; *Will of Kintopp*, 250 Wis. 381, 27 N. W. (2d) 481 (decided May 13, 1947).

With these well-established rules in mind in reviewing the evidence herein, we are fully convinced that, although there are some conflicts in the evidence, the trial court's findings and conclusions, as stated above, were well warranted and established by evidence which the court could rightly consider credible and sufficient; and that consequently its findings and conclusions and the judgment entered thereon must be sustained. There is no controversy as to any of the principles of law material herein, and no useful purpose will be served by any statement or discussion of the evidence in detail.

*By the Court.*—Judgment affirmed.